[Civ. No. 490. Fifth Dist. Apr. 28, 1965.]

JEONG SOON et al., Plaintiffs and Respondents, v. WALTER BECKMAN et al., Defendants and Appellants.

Rutan & Tucker and Garvin F. Shallenberger for Defendants and Appellants.

Maurice E. Wright, Lackman & Lackman, Samuel Lackman and Lawrence H. Lackman for Plaintiffs and Respondents.

STONE, J.—This is an appeal from a judgment quieting title to real property in respondents and denying appellants specific performance of an option to purchase the same property.

Respondents, by a written instrument, leased a 5-acre trailer park to appellants for a term of 78 months. Rental was fixed at 45 per cent of the gross receipts, with a minimum guarantee of $550 per month commencing with the second year of the term. The lease also contained an option providing that:

". . . the Lessees shall have the first option to purchase this particular property for the price of $235,000.00 upon the condition that all rental has been paid according to the within Lease and together with the $50,000.00 payment in cash (and the purchaser can pay more if he so desires) and the balance purchase price is to be a first trust deed, payable from the purchaser to the seller at the rate of $1,000.00 or more per month including six (6%) percent interest upon the unpaid balance. This option will be in full force and effect during the whole term of this Lease."

Appellants entered into possession April 15, 1957, and from April 1959 through October 20, 1962, they maintained two sets of records. The correct record that reflected the true income of the trailer court they kept for themselves. The other showed only a portion of the income and this they gave respondents, paying less than the percentage rent due. About October 20, 1962, appellants became either conscience stricken or option-conscious, for they confessed, with advice of counsel, that they had under-reported the gross receipts from the operation of the trailer court. Appellants admitted to respondents they owed them $7,579.56 for withheld rent including interest at the rate of 7 per cent per annum. This amount they tendered at the time of disclosure.

Respondent Jeong Soon told appellants they had breached the lease, and refused to accept the check. Appellants thereafter opened a bank account and deposited the unpaid rent and interest in respondents' names. Respondents did not withdraw the money, instead they referred the matter to their attorney. Nothing was done at that time toward terminating the lease, and respondents continued to accept rental payments. It appears that some six months after the default respondents consulted their present counsel and on April 8, 1963, he gave notice that respondents were rescinding appellants' right to exercise the option to purchase the property. Appellants continued to pay and respondents to accept the rent from the time notice of rescission was given until the lease expired in October 1963.

The critical facts are: first, respondents did not terminate the lease, they gave notice that the option only was rescinded; second, all rent that accrued under the terms of the lease was paid or tendered by appellants; third, respondents accepted rent for one year after disclosure of the default; fourth, appellants, with respondents' consent, remained in possession of the trailer court pursuant to the lease until it expired in October 1963. In addition to complying with the rental provisions of the lease after tendering restitution in October 1962, appellants placed in escrow the $50,000 down payment and the monthly payments on the purchase price as provided in the lease-option.

The trial court denied appellants' request for specific performance of the option upon two grounds: that appellants had not paid the rent when due; that the default was intentional so that the doctrine of unclean hands applied.

Beyond any doubt respondents had the right to rescind the lease at the time appellants confessed their fraud and tendered in restitution the rent then due. (4 Witkin, Summary Cal. Law, Equity, pp. 2791 et seq.; 18 Cal.Jur.2d, Equity, § 28, p. 181.) One is not required to continue doing business with another who admits an intentional dishonest violation of the terms of his agreement, particularly so where rental is determined upon a percentage of gross income rather than a fixed amount per month. But respondents did not give notice of rescission upon learning the truth about appellants' conduct; they continued to accept the rent each month and it was not until some six months later that they notified appellants they were rescinding the option clause of the lease.

█ The only question is whether respondents, by their conduct, waived the right to rescind the option and to raise the doctrine of unclean hands. A number of cases hold that acceptance of rent accruing subsequent to a known default waives a forfeiture arising from the default. (*Myers* v. *Herskowitz,* 33 Cal.App. 581, 583 [165 P. 1031]; *Crowell* v. *Braly,* 169 Cal.App.2d 352, 354 [337 P.2d 211]; 51 Cal.Jur.2d, Waiver, § 4, p. 309.)

█ The principle of waiver is stated thus, in *Howard J. White, Inc.* v. *Varian Associates,* 178 Cal.App.2d 348, at page 355 [2 Cal.Rptr. 871] : " 'Waiver may be shown by conduct, and it may be the result of an act which, according to its natural import, is so inconsistent with the intent to enforce the right in question as to induce a reasonable belief that such right has been relinquished.' "

█ Conceding appellants' unconscionable conduct in the first instance, it would be inequitable to permit respondents to hold in abeyance a rescission of the lease and at the same time let appellants operate the trailer court under the terms of the lease, respondents all the while accepting a percentage of the gross income derived in part from appellants' managerial efforts. The effect would be to permit a lessor having full knowledge of a default, to hold a lessee's option rights in suspense while weighing the purchase price fixed by the option against the market value of the property.

█ █ This brings us to another aspect of the doctrine of unclean hands which seems to have been overlooked. The unconscionable conduct must be of such a nature that it would, if permitted to go unnoticed, result in prejudice to the other party. Here, respondents failed to prove that either damage or prejudice would result to them if the option were specifically enforced. It is said, in 18 California Jurisprudence, Second Edition, Equity, section 29, page 185 : "In applying the maxim that he who comes into equity must do so with clean hands, . . . the misconduct must be intimately connected with the matter in which he seeks equitable assistance, and of *such a prejudicial nature to the rights of another that it would be inequitable to grant him that assistance.*" (Italics added.)

The question is raised whether the option is an integrated term of the lease so that payment of the rent is a condition precedent to the lessees' right to exercise the option, or whether the option clause is an independent covenant. Our

view of the case, expressed above, renders this question immaterial.

The judgment is reversed.

Conley, P. J., and Brown (R.M.), J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 23, 1965.