[Civ. No. 62039. Second Dist., Div. Two. Oct. 5, 1981.]

HAROLD BAKKEBO et al., Plaintiffs and Respondents, v.
THE MUNICIPAL COURT FOR THE POMONA JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and
Respondent;
INDIAN HILL INVESTMENT COMPANY, Real Party in Interest
and Appellant.

230

COUNSEL

Cerini C. Bess for Real Party in Interest and Appellant.

Risley & Associates and Gordon J. Zuiderweg for Plaintiffs and Respondents.

No appearance for Defendant and Respondent.

OPINION

**COMPTON, J.**—On an appeal from the judgment of the superior court granting a petition for a writ of mandate directed to the Municipal Court for the Pomona Judicial District, this case has reached us for the second time. The appealing party is the plaintiff in the original municipal court action. The procedural history follows.

In an unlawful detainer action filed in the Pomona Municipal Court, plaintiff Indian Hill Investment Company, obtained a default judgment against Custom Pools by Mark Twain et al., for possession. Damages were awarded in the amount of $3,130.58, along with $1,200 in attorney fees.

Defendants appealed to the appellate department of the superior court contending, inter alia, that the trial court erred in not relieving them of the default. Defendants posted an undertaking for stay of enforcement of the judgment. The two sureties were Harold Bakkebo and Valentine N. Silbernagel. The appellate department consolidated this matter with three other appeals and reversed the judgment in each case

on the basis that since the prayer in the complaints potentially exceeded the jurisdictional limit of the municipal court, which at that time was $5,000, the municipal court lacked subject matter jurisdiction.

Those consolidated appeals were transferred to this court pursuant to rule 62 and our published opinion is reported under the caption *Babcock* v. *Antis* (1979) 94 Cal.App.3d 823 [156 Cal.Rptr. 673]. Insofar as the instant case is concerned, our holding was that the appellate department erred in finding a lack of jurisdiction. The matter was remanded to that court to consider the appeal on its merits.

On remand the appellate department affirmed the original judgment. Plaintiff's application for additional attorney fees for services rendered on the appeal, resulted in the appellate department awarding plaintiff $669.42, which apparently was the difference between the original judgment with costs and $5,000. The appellate department was of the opinion that the combined recovery of damages, costs and attorney fees could not exceed the $5,000 jurisdictional limit.

Plaintiff then returned to the municipal court and, pursuant to Code of Civil Procedure section 1058a, moved for entry of judgment against the sureties. At the same time plaintiff moved to amend the complaint to insert into the prayer a remission of all "damages" in excess of $5,000. Plaintiff also filed a cost bill seeking additional attorney fees for the handling of the appeal. The municipal court allowed the amendment, approved the cost bill and awarded plaintiff the additional sum of $5,420.58 in attorney fees.

The sureties, joined by one Kenneth Ricks, a codefendant in the original action, petitioned the superior court for a writ of mandate to compel the municipal court to vacate its award of additional attorney fees. The superior court granted the petition and this appeal ensued.

Plaintiff complains of several procedural errors in the superior court which we first consider. Those contentions are lack of standing of the sureties, inadequate record and adequate remedy by way of appeal.

■ The sureties had standing to seek relief from the municipal court's increase of the judgment. The general rule regarding standing to seek relief through mandamus is that the party must be beneficially interested in the outcome of the action. (Code Civ. Proc., § 1086.) Codefendant Ricks certainly was interested in preventing the trial court

from increasing the judgment against him. As to the sureties, California courts have long held that one need not be a party to an action to seek an extraordinary writ. (*Elliott* v. *Superior Court* (1904) 144 Cal. 501, 508 [77 P. 1109].) More recently, it was held that all those "permitted by statute to appear and take part in an administrative hearing" had standing (*Memorial Hosp. of So. Cal.* v. *State Health Planning Council* (1972) 28 Cal.App.3d 167, 178 [104 Cal.Rptr. 492]) as sufficiently beneficially interested to apply for mandamus.

Code of Civil Procedure section 1058a creates a procedure for enforcement of a judgment against the sureties which is in the nature of proceedings for summary judgment. The sureties are entitled to a 30-day notice and the judgment may be entered only in accordance with the notice.

Here plaintiff's notice to the sureties advised them of an intent to enforce judgment in the amount of $4,000.[1] The sureties thus had standing to seek relief from the entry of a judgment which far exceeded that amount and which was clearly in violation of the statute.

■ The adequacy of the record before the superior court was primarily a matter for that court's determination in the exercise of its discretion. An abuse of discretion appears only where the action of the court exceeds all bounds of reason, considering the circumstances before it. (*National Life of Florida Corp.* v. *Superior Court* (1971) 21 Cal. App.3d 281 [98 Cal.Rptr. 435]; *State Farm etc. Ins. Co.* v. *Superior Court* (1956) 47 Cal.2d 428 [304 P.2d 13].)

It is settled law that extraordinary writs should be used sparingly especially when alternative remedies, such as appeal, exist. (*Phelan* v. *Superior Court* (1950) 35 Cal.2d 363 [217 P.2d 951].) However, "when the trial court is about to exceed [or has exceeded] its authority by proceeding otherwise than in accordance with directions given with respect to the ... judgment to be entered, ... mandate ... is a proper remedy to compel obedience to such directions." (*Carter* v. *Superior Court* (1950) 96 Cal.App.2d 388, at p. 391 [215 P.2d 491].) Indeed, the action of the municipal court, which in effect violated the decision of the appellate department, was of such legal impact that intervention through the issuance of an extraordinary writ was appropriate. (*Babb* v.

---

[1]Plaintiff had apparently received partial satisfaction of the judgment prior to issuing the notice.

*Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379].)

■ Finally, plaintiff's major contention on this appeal is that the appellate department erred when, after remand, it felt constrained by the $5,000 jurisdictional limit in awarding attorney fees for the appeal.

While we are of the opinion and agree with plaintiff that the appellate department misinterpreted our holding in *Babcock* v. *Antis, supra*, it clearly had the jurisdiction to make the award that it did, and if there was error the municipal court was not the forum in which to seek relief.

Thus for the future guidance of the municipal court and the appellate department, we think it appropriate to expand somewhat on our holding in *Babcock* v. *Antis, supra*.

At the heart of our opinion in that case is the theme that cases which can be reasonably and effectively handled in the municipal court ought to be disposed of there and the municipal court should not be ousted from jurisdiction by rigid and technical interpretation of the pleadings. Hence, we concluded that Code of Civil Procedure section 396 is designed to support jurisdiction rather than defeat it.

As a corollary, litigants who eschew inflated demands which exceed the jurisdictional limit and instead bring their actions in the municipal court, should not be penalized for so doing. Thus, whenever legally proper and reasonable the municipal court should be able to award attorney fees to parties who recover, what are necessarily small, judgments lest those judgments become valueless.

In that vein we stated: "... reasonable attorneys' fees, like interest, may be treated as part of costs and hence fall outside the substantive demand of the complaint. Accordingly, a demand for reasonable attorneys' fees may be deemed a demand for costs, which need not affect the jurisdictional limits of a court." (*Babcock* v. *Antis, supra*, at p. 832.)

Since the substantive demand is the touchstone of jurisdiction it follows that if the recovery on that demand is within the jurisdiction of the municipal court, that court retains jurisdiction to award costs and attorney fees even though those items, when added to the substantive portion of the judgment, aggregate an amount in excess of the jurisdictional limit.

In reaching our conclusion, however, we emphasize that we are speaking of attorney fees as costs and incidental to the judgment. Hence, any award for such fees must be reasonable and bear some rational relationship to the amount of the substantive recovery, and the award for attorney fees cannot in itself exceed the jurisdictional limit.

Plaintiff's claim for fees in the instant action were clearly excessive. The actual damages originally awarded were, as noted, $3,130.58, and plaintiff originally received $1,200 in attorney fees—more than 1/3 the amount of the damages. When the additional $669.40, awarded by the appellate department is added, the total is $1,869.40, an amount exceeding 1/2 the amount of the damages. The additional award of $5,420.58, which the municipal court purported to make, standing alone, exceeded the jurisdictional limit.

Reference to local superior court rule 402, which provides a percentage table for the award of attorney fees as costs, is instructive. Under that rule the suggested award for a contested action involving $1,000 to $10,000 claim is $150, plus 8 percent of the excess over $1,000. In a default, as this case was, the fee is $150 plus 6 percent of the excess over $1,000.

While the rule allows for awards for extraordinary services, over and above the schedule, we do not believe that an additional award of $5,400 could be viewed as reasonable or incidental in this case.

In summary, we hold that the municipal court has jurisdiction, in a proper case, to award reasonable attorney fees as costs incidental to the substantive recovery even though the aggregate amount of the award may exceed the jurisdictional limit. In this case, the appellate department's award was eminently reasonable and must be upheld even though based on an erroneous theory.

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.

The petition of real party in interest and appellant for a hearing by the Supreme Court was denied December 23, 1981.