[No. A045353. First Dist., Div. Two. Jan. 29, 1990.]

LAWRENCE V. STOKUS, Plaintiff and Respondent, v.
JOHN W. MARSH, Defendant and Appellant.

**COUNSEL**

Daniel J. Buchalter and Kaplan & Kaplan for Defendant and Appellant.

Andrew J. Wiegel for Plaintiff and Respondent.

## Opinion

### KLINE, P. J.—

#### Introduction

Following a verdict in favor of plaintiff-landlord Lawrence Stokus in a protracted action for unlawful detainer in the municipal court, the trial court awarded plaintiff attorneys' fees of $75,000 against defendant John Marsh. Upon certification by the San Francisco Superior Court, we ordered the appeal transferred to this court pursuant to section 911 of the Code of Civil Procedure, in order to settle two important questions of law regarding the award of attorneys' fees pursuant to Civil Code section 1717: first, whether the municipal court may award attorneys' fees which exceed the $25,000 jurisdictional limit of that court and, second, whether such an award may include fees for services rendered prior to filing of the complaint. Answering both questions in the affirmative, and finding the $75,000 fee award reasonable, we affirm the judgment.[1]

#### Statement of Case and Facts

In all, plaintiff filed three complaints for unlawful detainer against defendants. The first eviction notice was served on Marsh and codefendant John Arndt on April 29, 1986. A second was served on May 6, 1986. On June 3, 1986, defendants brought an action in the superior court for wrongful eviction, seeking actual damages according to proof, special damages of three times actual damages, plus $500,000 punitive damages. On August 14, 1989, defendants initiated a second similar action including allegations of wrongful conduct by plaintiff occurring after initiation of defendant's wrongful eviction action. The two superior court actions, which were consolidated, were ultimately dismissed and are the subject of a separate appeal. (No. A042592.) In August 1986, plaintiff initiated the first unlawful detainer action against defendants for failure to comply with the second eviction notice. Defendants successfully moved to quash service of summons in that action, based upon defects in the notice under the San Francisco Residential Rent Stabilization and Arbitration Ordinance of June 12, 1979.

Plaintiff filed a second unlawful detainer action on March 9, 1987, based on a notice terminating tenancy served February 6, 1987. Defendant

---

[1] Defendant has raised additional issues pertaining to the meaning of the attorneys' fees clause in the lease agreement. We do not consider these issues, as they go beyond those certified by the superior court. We agree with the superior court's implied finding that it is unnecessary for us to address these other issues "to secure uniformity of decision or to settle important questions of law." (Code Civ. Proc., § 911.)

contended the notice was served one day prematurely and plaintiff voluntarily dismissed that action without prejudice on May 27, 1987, the day before hearing on a summary judgment motion brought by defendants. In the interim, substantial discovery was conducted and trial preparation undertaken. On May 29, 1987, plaintiff refiled the third and final unlawful detainer action based on the February 1987 eviction notice. Following a three-week jury trial, the jury found in favor of plaintiff and awarded possession and $6,166 in damages. The municipal court subsequently awarded plaintiff $75,000 attorneys' fees under Civil Code section 1717 pursuant to a provision in the lease agreement authorizing such fees.

DISCUSSION

I.

■ Marsh contends that the trial court erred in awarding attorneys' fees in an amount exceeding the $25,000 jurisdictional limit of that court. We disagree.

The municipal court has original jurisdiction "[i]n all proceedings in forcible entry or forcible or unlawful detainer where the whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less." (Code Civ. Proc., § 86, subd. (a)(4).)

Invoking Civil Code section 1717, which provides in pertinent part that "[r]easonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit," plaintiff sought and was awarded attorneys' fees as costs, not as damages. This treatment of the fee request was correct. ■ " '[R]easonable attorneys' fees, like interest, may be treated as part of costs and hence can fall outside the substantive demand of the complaint. Accordingly, a demand for reasonable attorneys' fees may be deemed a demand for costs, which need not affect the jurisdictional limits of a court.' " (*Bakkebo* v. *Municipal Court* (1981) 124 Cal.App.3d 229, 235 [177 Cal.Rptr. 239], quoting *Babcock* v. *Antis* (1979) 94 Cal.App.3d 823, 832 [156 Cal.Rptr. 673].)

Pointing out that the "substantive demand is the touchstone of jurisdiction," the court held in *Bakkebo* that where the recovery on the substantive demand is within the jurisdiction of the municipal court, "that court retains jurisdiction to award costs and attorney fees even though those items, when added to the substantive portion of the judgment, aggregate an amount in excess of the jurisdictional limit." (124 Cal.App.3d at p. 235; accord *Babcock* v. *Antis, supra,* 94 Cal.App.3d 823.)

In *Bakkebo,* the municipal court had initially awarded the plaintiff damages plus $1,200 in attorneys' fees. (124 Cal.App.3d at p. 232.) The appellate department of the superior court reversed the judgment as potentially exceeding the jurisdictional limit of the municipal court, which at that time was $5,000. In an opinion published under the caption *Babcock* v. *Antis, supra,* 94 Cal.App.3d 823, the Court of Appeal held that the appellate department had erred in finding a lack of jurisdiction and the matter was remanded to the appellate department to consider the appeal on its merits. (See *Bakkebo, supra,* 124 Cal.App.3d at pp. 232-233.) On remand, the appellate department awarded plaintiff $669.42 as additional attorneys' fees for services rendered on appeal. Plaintiff was then awarded an additional sum of $5,420.58 in attorneys' fees by the municipal court. The appellate department vacated this additional award and plaintiff appealed.

The plaintiff's essential contention in the second appeal was that the appellate department erroneously concluded it was constrained by the $5,000 jurisdictional limit of the municipal court. The Court of Appeal upheld the appellate department's award as "eminently reasonable . . . though based on an erroneous theory." (*Bakkebo, supra* , 124 Cal.App.3d at p. 236.) The court concluded that the appellate department need not have limited the plaintiff's total award to $5,000 and that the municipal court retained jurisdiction to award costs and reasonable attorneys' fees even though the sum of those items and the substantive judgment exceeded the jurisdictional limit. (124 Cal.App.3d at p. 235.)

In dicta, however, the *Bakkebo* court also cautioned: "In reaching our conclusion, however, we emphasize that we are speaking of attorney fees as costs and incidental to the judgment. Hence, any award for such fees must be reasonable and bear some rational relationship to the amount of the substantive recovery, and *the award for attorney fees cannot in itself exceed the jurisdictional limit.*" (124 Cal.App.3d at p. 236, italics added.)

The Court of Appeal upheld the superior court's vacation of the additional $5,420.58 awarded by the municipal court on the grounds that it was neither reasonable nor incidental to the judgment. (124 Cal.App.3d at p. 236.) The court found that plaintiff's claims for fees "were clearly excessive." Finally, the court held that the award of the appellate department was reasonable. (*Ibid.*)

■ Relying upon the statement in the *Bakkebo* opinion that we have italicized, Marsh argues that the instant fee award impermissibly exceeded the jurisdiction of the municipal court. We agree with the appellate department's characterization of this portion of *Bakkebo* as "clearly dicta, without precedent, and not binding on this court." The holding of *Bakkebo* that the

additional $5,420.58 awarded by the municipal court was improper was not based on a jurisdictional determination but on the ground that the amount was unreasonable.

Several considerations, exemplified in this case, persuade us that the municipal court must be permitted to award fees in excess of its jurisdictional limit where it is reasonable to do so.

Like the *Bakkebo* court, we view the jurisdictional limit of Code of Civil Procedure section 86 as applying to the substantive judgment and not the award of costs, including reasonable attorneys' fees. Because attorneys' fees under Civil Code section 1717 are awarded as costs rather than as part of damages, our conclusion does not contravene Code of Civil Procedure section 86. As the jurisdictional limits do not apply to the aggregate award of damages plus costs and fees, confining fees reasonably incurred to the $25,000 jurisdictional limit would be arbitrary, as that sum may bear no necessary relation to the fee reasonably incurred in a particular case. ■ ■■ ■■ ■ The plaintiff in this case did not have a choice of forum, as an unlawful detainer action can only be maintained in the municipal court. (Code Civ. Proc., § 86, subd. (a)(4).)[2] Though it is doubtless true litigants ordinarily incur smaller fees in municipal court than in superior court, there is no reason the forum should control the amount of fees that can be deemed reasonable.

■■■ If, as defendant maintains, a judge of the municipal court could not award fees in excess of that court's jurisdictional limit, an unprincipled or misguided litigant could economically intimidate an adversary by forcing him to incur legal expenses beyond the relatively low figure that could be awarded. Because the threat of such inordinate expense might otherwise induce a party to abandon resort to the court to resolve a meritorious claim, the possibility of a fee award in excess of the jurisdictional amount may be essential to *preserve* the court's jurisdiction. Though the record does not fully establish that defendant conducted this case in a manner consciously designed to intimidate plaintiff, it was tenaciously over-litigated.[3] Parties

[2] Marsh contends that plaintiff was not required to pursue his action in the municipal court, as he could have brought an action for ejectment in the superior court. Although an action for unlawful detainer and an action for ejectment both seek removal of the occupant from real property, the actions differ in some significant particulars, making unlawful detainer preferable to plaintiff landlords. Unlawful detainer is a summary remedy, the tenant has only a limited right to cross-complain or to raise defenses, the action is entitled to precedence over other actions, the statute provides for treble damages. (Code Civ. Proc., § 1174.) (Cal. Real Property Remedies Practice (Cont.Ed.Bar 1982) Ejectment, § 10.2, pp. 322-323.)

[3] The seven volumes of clerk's transcript describe an astonishing number of demurrers, motions to strike, applications for protective orders, requests for sanctions, discovery disputes, motions to quash, motions to reconsider and extensive additional postverdict maneuvers, all supported by extensive briefs.

who litigate with no holds barred in cases such as this, in which the prevailing party is entitled to a fee award, assume the risk they will have to reimburse the excessive expenses they force upon their adversaries. As pointed out in *Bakkebo,* "litigants who eschew inflated demands which exceed the jurisdictional limit and instead bring their actions in the municipal court, should not be penalized for so doing. Thus, whenever legally proper and reasonable the municipal court should be able to award attorney fees to parties who recover, what are necessarily small, judgments lest those judgments become valueless." (*Bakkebo* v. *Municipal Court, supra,* 124 Cal.App.3d at p. 235.)

The responsibility of the trial court is not to inquire into the motives of the parties but, as was done here, simply to determine whether the fees sought by the prevailing party are reasonable in light of the work required to be done and, if not, to fix an amount that is reasonable. ■ As correctly stated by the appellate department of the superior court, "a successful plaintiff who is entitled to recover attorney fees as costs is entitled to recover all such fees which are reasonable and which bear a rational relationship to the substantive recovery. [Citation.] To deny a prevailing party, who has figuratively been 'papered to death' by an opposing party, the right to recover its reasonable attorney fees would be patently unreasonable. The requirement that such fees be reasonable should adequately safeguard against an excessive award."[4]

## II.

■ Marsh contends that the court erred in awarding fees incurred prior to the filing of the complaint on May 29, 1987. The appellate department disallowed fees incurred prior to December 1, 1986 as plaintiff accepted rent for the months of October and November 1986, thereby waiving his right to evict for those and any preceding months. (*Soon* v. *Beckman* (1965) 234 Cal.App.2d 33, 36 [44 Cal.Rptr. 190].) However, the appellate court agreed with the municipal court that fees incurred after December 1 but prior to the filing of the complaint were properly awarded.

According to plaintiff, work done in the prior actions, including issue evaluation, discovery, trial preparation, preparation of jury instructions and trial memorandum, were essential to achieve the victory resulting from the extensive jury trial held in September 1987 on the third complaint. According to plaintiff's counsel, no additional attorneys' fees were incurred by plaintiff as a result of the decision to dismiss the second action on May 27,

---

[4] As we determine the fee award was proper we need not address plaintiff's claim that limiting attorneys' fees awards in residential unlawful detainer cases required to be brought in municipal court to the jurisdictional amount of the municipal court denies him equal protection of the laws.

1987 and refile the complaint on May 29, 1987. Additional legal work entailed by the dismissal and refiling was shown as "no charge" or was the subject of a courtesy discount to plaintiff. On plaintiff's motion for a protective order, the court ruled that all discovery undertaken in the prior action "shall be deemed for all purposes to have been taken in this action . . . ."

Plaintiff relies upon *La Mesa-Spring Valley School Dist.* v. *Otsuka* (1962) 57 Cal.2d 309 [19 Cal.Rptr. 479, 369 P.2d 7], as authority for the award of attorneys' fees incurred prior to filing of the complaint. *La Mesa* generally is limited to the situation in which a defendant anticipates the defense of an eminent domain action. The court in *La Mesa* interpreted former Code of Civil Procedure section 1255a, which provided that "upon the plaintiff's abandonment of an eminent domain proceeding, the [defendant's] recovery of 'costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and during trial and reasonable attorney fees.'" (*La Mesa-Spring Valley School Dist.* v. *Otsuka, supra,* 57 Cal.2d at p. 312.) The court framed the issue as "one of statutory interpretation." (*Id.,* at p. 316.) "Can, and should, the phrase 'reasonable attorney fees,' as used in section 1255a, be interpreted to include fees the obligation to pay for which was incurred by defendant for services rendered before the complaint was filed, but rendered in contemplation of and in preparation for the expected trial?" (*Ibid.*) The court based its determination that prefiling fees were recoverable upon the language of the statute and upon considerations peculiar to eminent domain actions, explaining that "attorney's fees in a condemnation action are in a different category from those in other actions." (*Id.,* at pp. 316-317.)

Although the cases approving the recovery of prefiling fees on the basis of *La Mesa* also involve eminent domain (see, e.g., *Lake County Sanitation Dist.* v. *Schultz* (1978) 85 Cal.App.3d 658, 671-672 [149 Cal.Rptr. 717]), we find no logical reason to strictly limit the rationale of *La Mesa* to the eminent domain context. As stated in *La Mesa,* "if suit is filed, there is no sound reason why the trial court should exclude these prior services in determining a reasonable fee merely because performed before the action is commenced. The statute contemplates reimbursement for the attorney's fees reasonably incurred in preparing for trial. It would be ridiculous to require the attorney to repeat formally all of this work after the complaint is filed in order to protect his client's rights under [former] section 1255a in the event of an abandonment." (57 Cal.2d at p. 317.)

Civil Code section 1717, the statutory basis for fees in this action, provides for "reasonable attorney's fees in addition to other costs." (Civ. Code, § 1717, subd. (a).) Nothing in that section precludes compensation for fees incurred prior to filing the complaint, where fees were reasonably and necessarily incurred at that time by the prevailing party. Indeed, by requir-

ing only that the fee award be "reasonable" the statute supports the opposite conclusion.[5]

Recognizing the dearth of other California authority on the propriety of awarding a successful plaintiff prefiling attorneys' fees, the appellate department sought guidance from other states. In *First Nat. Bank of Arizona* v. *Continental Bank* (1983) 138 Ariz. 194 [673 P.2d 938], the Arizona Court of Appeals upheld the award of prefiling fees for investigation and evaluation of plaintiff's claim. Noting that the defendant had cited no authority to disallow such award, the court concluded: "We think the better view is that pre-complaint investigation and evaluation of the potential claim is part of the process and expense of litigation. As the appellee states, a contrary decision would encourage the filing of complaints with little or no investigation or evaluation as to the validity of the claim." (673 P.2d at p. 944.)

We are persuaded by this reasoning. Moreover, prefiling fees are particularly warranted here because the dismissal and refiling were designed to avoid unnecessary litigation as to whether notice of eviction was technically defective. Substantial trial preparation had occurred at that point. Discovery conducted in the dismissed case was fully utilized in the refiled action. Precluding fees for this work would not only foreclose compensation for necessary legal services but might discourage a party from voluntarily dismissing an earlier complaint, though it would otherwise be economical to do so.

The award of fees for services rendered prior to filing the May 29, 1987, complaint was eminently reasonable and proper.

### III.

■ In order to finally decide the propriety of the fees awarded by the municipal court we must determine whether the amount awarded was reasonable.

■ "The matter of reasonableness of attorney's fees is within the sound discretion of the trial judge. [Citations.] ■ Determining the weight and credibility of the evidence, especially credibility of witnesses, is the special province of the trier of fact. [Citation.]" (*Bruckman* v. *Parliament Escrow*

---

[5] It is also noteworthy that "prelitigation" time is compensable in federal civil rights actions under 42 United States Code section 1988. (*Webb* v. *Dyer County Bd. of Ed.* (1985) 471 U.S. 234, 243 [85 L.Ed.2d 233, 242, 105 S.Ct. 1923] [includes compensation for drafting of initial pleadings, work associated with development of the theory of the case, and time spent on optional administrative proceedings if they substitute for work that would have to be performed in the litigation].) Fees for optional administrative proceedings which are "useful and necessary" to the litigation are also compensable under Code of Civil Procedure section 1021.5. (*Best* v. *California Apprenticeship Council* (1987) 193 Cal.App.3d 1448, 1461 [240 Cal.Rptr. 1].)

*Corp.* (1987) 190 Cal.App.3d 1051, 1062 [235 Cal.Rptr. 813].) ██ "In determining what constitutes a reasonable compensation for an attorney who has rendered services in connection with a legal proceeding, the court may and *should* consider 'the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded . . . ; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed.' [Citations.]" (*Hadley* v. *Krepel* (1985) 167 Cal.App.3d 677, 682 [214 Cal.Rptr. 461]; see also 1 Witkin, Cal. Procedure (1985 3d ed.) Attorneys, §§ 162-164, pp. 188-192.)

██ In its minute order granting plaintiff's attorneys' fees motion, the trial court stated that it had considered these factors in making its award and continued: "Plaintiff's counsel were met at every step with learned, energetic, imaginative, concentrated, and extensive opposition by extremely able counsel who specialize in housing matters. Defendants appear to be able to put up the stoutest resistance, which they did. Pleadings, motions, and supporting papers are now into 5 volumes, best counted by the pound or linear foot." These trial court comments are well founded. Plaintiff's counsel's hours and rates were fully documented. When totaled, attorneys' fees incurred by plaintiff (less sums incurred prior to December 1, 1986, which the appellate department concluded had been waived) amounted to $85,494.50. We agree with the appellate department that these fees were reasonable. As the trial court awarded a lesser sum of $75,000, we cannot say that amount was excessive.

The judgment is affirmed.

Smith, J., and Peterson, J., concurred.