**Subhash KAPOOR, Plaintiff,**

v.

**Allen M. ROSENTHAL, Defendant.**

**No. 02 Civ. 0242(RLE).**

United States District Court,
S.D. New York.

June 27, 2003.

Brian Bromberg, Brian Bromberg, P.C., New York City, Lance A. Raphael, Stacy M. Bardo, Chicago, IL, for Plaintiff.

Allen M. Rosenthal, Hicksville, NY, pro se.

## OPINION AND ORDER

ELLIS, United States Magistrate Judge.

## I. INTRODUCTION

By motion dated June 6, 2002, plaintiff Subhash Kapoor ("Kapoor") applied for an award of attorney's fees of $9,913, and $193.71 in costs, for an action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), in which he accepted an offer of judgment from defendant Allen Rosenthal ("Rosenthal"). For the reasons which follow, Kapoor will be awarded attorney's fees of $6,845.21.

## II. BACKGROUND

The instant case stems from an earlier action involving Leonard Lorin ("Lorin"), an attorney who brought suit in the Civil Court of the City of New York, Kings County, against Kapoor, his former client, for attorney's fees. *See* Defendant's Brief in Opposition to Plaintiff's Motion for Award of Attorney's Fees ("Def.Br.") at 2. Kapoor filed an answer and a trial was scheduled for February 7, 1991. *Id.* After Kapoor failed to appear for trial, Lorin obtained a default judgment on March 8, 1991. *Id* at 2–3. The record reveals that Lorin took no action to collect on the judgment until 2001, when he hired Rosenthal, a debt collection attorney. *Id.* at 3.

Rosenthal sent Kapoor a letter dated May 30, 2001, informing him that he was attempting to collect a judgment for

$11,362, on behalf of his client, Lorin. Brief in Support of Plaintiff's Motion For Award of Attorney's Fees ("Pl.Br.") at 3. On or about June 11, 2001, HSBC Bank USA ("HSBC") received a notice from Rosenthal demanding restraint of Kapoor's bank account. *Id.* In response, HSBC charged Kapoor a $100 legal processing fee, and restrained the balance of $4,525.81 in his account. *Id.* Kapoor initially learned of the restraint from persons to whom he had written checks, who found that Kapoor's checks were being returned unpaid. *Id.* Kapoor later received official notice of the restraint by a June 15, 2001 letter from HSBC. *Id.*

On June 20, 2001, Kapoor was sent another debt collection letter from Rosenthal. *Id.* at 3–4. In response, Kapoor sent a letter on June 22, 2001, disputing the judgment's validity, and a second letter to that effect on June 26, 2001, demanding a copy of the alleged state court judgment. *Id.* at 4. No action was taken by Rosenthal concerning Kapoor's dispute claim. *Id.* However, on August 11, 2001, Kapoor received a notice from HSBC, informing him that the bank had been served with a property execution order against his account, and that the sums on deposit would be remitted to a New York City Marshal on August 28, 2001. *Id.* at 5. Subsequently, the sum of $4,525.81 was taken from Kapoor's account and paid to Rosenthal. *Id.* Kapoor then received a photocopy of Lorin's judgment on August 30, 2001. *Id.* On September 13, 2001, Kapoor obtained an order from King's County Civil Court to vacate the ten-year old default judgment. *Id.* at 5–6.

On January 10, 2002, Kapoor commenced the instant action against Rosenthal, contending that by failing to serve Kapoor with the notice required by statute when freezing a bank account, Rosenthal violated the FDCPA. *See* Def. Br. at 4.

Kapoor sought the return of the monies that had been levied upon, and also damages under the FDCPA. *Id.*

On February 27, 2002, Rosenthal filed an answer and made a Rule 68 offer of judgment for the sum of $1,000, plus reasonable attorney's fees. *Id.* at 4. The offer of judgment was accepted by Kapoor. Pl. Br. at 6. On June 6, 2002, Kapoor filed the instant motion for an award of attorney's fees of $9,913, plus $193.71 in costs. *Id.* at 7–8.

## III. DISCUSSION

### A. The Fair Debt Collection Practices Act

The purpose of the FDCPA is to "eliminate abusive practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir.2002).

15 U.S.C. § 1692g(b) provides in relevant part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

■ A debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of actual damages and/or additional damages not exceeding $1,000. *See* 15 U.S.C. § 1692k(a)(1) and (2). Furthermore, in the case of any successful action to enforce the foregoing liability, the prevailing plaintiff is eligible for costs of the action, together with reasonable attorney's fees, as determined by the court. 15 U.S.C. § 1692k(a)(3). A prevailing plaintiff may be entitled to an award of reasonable attorney's fees, even if he is not entitled to actual or statutory damages. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir.1998) (citations omitted). When a litigant qualifies as one eligible for attorney's fees under the FDCPA, the district court has the discretion to adjust the amount of fees for various portions of the litigation, guided by reason and the statutory criteria. *See* 15 U.S.C. § 1692k(a)(3).

■ Rosenthal's offer of judgment clearly states that it includes reasonable attorney's fees. *See* Def. Br. at 1. Kapoor's acceptance of Rosenthal's Rule 68 offer constitutes a final judgment. *See Gardner v. Henry Smith, Inc.*, 205 F.Supp.2d 49, 51 (E.D.N.Y.2002). Thereafter, ascertaining reasonable attorney's fees is left to the court's discretion. 15 U.S.C. § 1692k(a)(3).

## B. The Lodestar Formula

■ In calculating attorney's fees, courts typically use a "lodestar" figure as the starting point. The lodestar figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir.

1997). The lodestar figure should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation. *Id.*

■ A strong presumption exists that the lodestar figure represents a reasonable fee. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564–65, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). However, the court may also adjust the lodestar figure based on several factors, such as the outcome of the underlying litigation. *Hensley*, 461 U.S. at 434–35, 103 S.Ct. 1933. A court should also "exclude excessive, redundant or otherwise unnecessary hours ..." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir.1999) (*citing Hensley*, 461 U.S. at 433–35, 440, 103 S.Ct. 1933). When a party advocates that the lodestar amount be reduced, he or she bears the burden of establishing that a reduction is justified. *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir.1989) (*citing Lindy Bros. Builders Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 118 (3d Cir.1976)).

## C. Kapoor's Request for Attorney's Fees

Kapoor's claim for attorney's fees is detailed as follows:

| ATTORNEY | BILLED HOURS | RATE | TOTAL |
| --- | --- | --- | --- |
| Lance A. Raphael | 10.6 | $320 | $3,392 |
| Brian L. Bromberg | 25.9 | $250 | $6,475 |
| Stacy M. Bardo | 0.2 | $165 | $ 33 |
| Paralegal | 0.2 | $ 65 | $ 13 |
| | | *TOTAL* | $9,913 |

Kapoor asserts that the FDCPA allows for recovery of attorney's fees for work done prior to the time the attorney becomes "of record," and therefore, he should be awarded fees for pre-litigation work. Pl. Br. at 9. In support of his position, he cites *Webb v. Bd. of Educ.*, 471

U.S. 234, 243, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985), in which the Supreme Court noted that attorney's fees could be awarded for services performed before filing a complaint if such services are performed "on the litigation," which includes drafting initial pleadings and developing the theory of the case. He further notes that the Second Circuit in *Cullen v. Fliegner*, 18 F.3d 96, 106 (2d Cir.1994), held that attorney's fees could be awarded for a "discrete portion" for work done in prior administrative proceedings if useful and of the type ordinarily necessary to advance the litigation. Pl. Br. at 9.

Kapoor also cites an opinion of the California Court of Appeal, *Stokus v. Marsh*, 217 Cal.App.3d 647, 655–56, 266 Cal.Rptr. 90 (1990), which held that pre-litigation attorney's fees could be awarded when the services were reasonable and necessary to the success of the action. In *Stokus*, 217 Cal.App.3d at 651, 266 Cal.Rptr. 90, the court awarded attorney's fees based on a California state statute, which allowed reasonable fees to be determined as an element of the cost of suit. The *Stokus* court reasoned that when a prevailing party can recover attorney's fees as costs, the party is entitled to collect fees that bear a rational relationship to the substantive recovery in the case.

 ■ The instant case involves the FDCPA, a federal statute, which explicitly treats attorney's fees separately from costs. Furthermore, the pre-litigation fees specifically at issue are those not spent preparing the FDCPA case but rather are related to time expended on Kapoor's state court judgment. The Court finds that the standard for evaluating pre-litigation attorney's fees is that such fees may be recoverable when the work done is reasonably necessary to further the litigation. *See Hensley*, 461 U.S. at 434, 103 S.Ct. 1933 (federal district courts should exclude from initial fee calculations hours not "reasonably expended"); *see also Webb*, 471 U.S. at 243, 105 S.Ct. 1923; *Cullen*, 18 F.3d at 106.

## D. Rosenthal's Opposition

Rosenthal opposes Kapoor's claim for attorney's fees on several grounds: (1) that Kapoor cannot recover fees for work performed in connection with his civil court action; (2) that the fee application contains duplicative and wasteful items; (3) and that the hours spent on this case were excessive. *See* Def. Br. at 1–2. He asserts that Kapoor's attorneys are only entitled to recover fees for drafting the complaint. *Id.* at 2.

 ■ Rosenthal also argues that the *Rooker–Feldman* doctrine bars this Court from considering Kapoor's claim for attorney's fees for work done in connection with the state court action. *Id.* at 6–7. Pursuant to the *Rooker–Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that challenge state court judgments. *See Kropelnicki*, 290 F.3d at 128 (*citing D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486–87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923)). In this case, however, the *Rooker–Feldman* doctrine is not implicated since Kapoor does not challenge a prior state court judgment. Kapoor's federal claim rests solely on Rosenthal's violation of the FDCPA. In addition, Kapoor's acceptance of Rosenthal's offer of judgment resolved the dispute in this Court. By accepting the offer of judgment, Kapoor became the prevailing party within the meaning of the FDCPA. *See Shapiro v. Credit Protection Assoc. I, Inc.*, 53 F.Supp.2d 626, 627 (S.D.N.Y.1999). Kapoor's claim for attorney's fees is therefore governed by the statutory mandate, *see* 15 U.S.C.

§ 1692k(a)(3), and he is entitled to fees for work "reasonably expended" to further the litigation. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933.

 Rosenthal also argues that the request for fees includes hours that are duplicative and unnecessary. Specifically, he complains that three attorneys billed time spent compiling a ten-page complaint that did not involve unique or unusual claims, or complex issues. *Id.* at 8–10. In addition, Rosenthal challenges Bromberg's trip to the King's County Civil Court to obtain a copy of the state court judgment and the affidavit of facts, which he asserts relates solely to the state action and is not recoverable as fees because it is clerical work. *See* Def. Br. at 11–12. According to Kapoor, Rosenthal had never provided him with a copy of the state court default judgment before levying on his bank account. *See* Pl. Br. at 5. Therefore, with regard to this challenge, the Court will grant Kapoor the 1.4 hours spent obtaining the judgment. However, since the task could have been performed by a paralegal or clerk, the time will be awarded at the paralegal's hourly rate of $65.

### E. Billed Hours

 In the application for attorney's fees, attorneys Brian L. Bromberg ("Bromberg") and Lance A. Raphael ("Raphael") request compensation for work done prior to the preparation of the complaint. Raphael billed for time spent researching Rosenthal's case history and reviewing work related to Kapoor's motion to vacate the state judgment. *See* Certification Under 28 U.S.C. § 1746 of Plaintiff's Attorney Lance Raphael in Support of Fees ("Raphael's Certification"), entries dated "Aug–28–01," "Aug–29–01," "Oct–03–01," and "Jan–06–02." Bromberg also billed 1.2 hours for time spent researching cases litigated by Rosenthal. *See* Certification Under 28 U.S.C. § 1746 of Plaintiff's Attorney Brian Bromberg in Support of Fees ("Bromberg's Certification"), entry dated "8/29/2001." The Court finds that time spent reviewing a motion to vacate a state court judgment that could not be brought before this Court, and researching defense counsel's case history, cannot qualify as time "reasonably expended" to further this litigation and should be excluded. *See Hensley*, 461 U.S. at 434, 103 S.Ct. 1933.

Raphael has accounted for 11 hours of work and requests that he be awarded a total of 10.6 hours for preparation, analysis, and review of the complaint and fee petition, and correspondence with Bromberg. *See* Raphael's Certification at Requested Fee Summary. The Court will exclude the 1.1 hours Raphael spent reviewing Rosenthal's case history and reviewing Kapoor's motion to vacate the state judgment.

 The Court also finds that the 4.5 hours Raphael spent analyzing and reviewing the brief in support of attorney's fees was excessive, given that Bromberg also billed a substantial amount of time for preparation of the brief and supplemental materials, as did a third attorney, Stacy M. Bardo ("Bardo"). Multiple attorneys are allowed to recover fees on a case if they show that the work reflects the distinct contributions of each lawyer. *See Hutchinson v. McCabee*, 2001 WL 930842, at *3 (S.D.N.Y. Aug.15, 2001). This case, however, is not complex. It simply concerns whether Rosenthal violated the FDCPA by taking collection actions before the time expired for the debtor to dispute the debt's validity. Although few firms specialize in FDCPA law, which is arguably a complex practice area, both Raphael and Bromberg are experienced consumer protection attorneys. Therefore, the Court finds that the utilization of three attorneys in prepar-

ing a complaint with relatively straightforward issues is duplicative and/or excessive. In light of the these reasons, Raphael's total billed time will be reduced to 8.5 hours.

Bromberg certifies that he worked a total of 34.9 hours on the case, but seeks compensation for 25.9 hours to adjust for some duplicative time, including 1.5 hours relating to the underlying state court action. *See* Bromberg's Certification at ¶ 27 and Fee Summary. The invoices indicate that he spent 10.7 hours preparing the complaint. *Id.* at entries dated "8/20/2001," "8/21/2001," "1/2/2002," and "1/4/2002." Bromberg has adequate experience in both individual and class action FDCPA cases. In light of his expertise, the Court finds it appropriate to reduce the amount of recoverable fees for his work done with respect to the complaint to one day, or eight hours. The Court will also exclude the 1.2 hours Bromberg spent researching Rosenthal's case history, and will bill the 1.4 hours spent obtaining the state court judgment at the paralegal rate. Accordingly, the Court will reduce the amount of time billed at Bromberg's rate to 20.6 hours.

Unlike Raphael and Bromberg, Bardo offers no certification to support her request for attorney's fees. Her 0.2 hours, billed at a rate of $165, were spent reviewing Bromberg's draft of the complaint and sending an email to Bromberg regarding sections of the complaint. *See* Raphael's Certification, entry dated "Jan-04-02." Given that Raphael and Bromberg also billed hours for reviewing drafts of the complaint, the Court will exclude Bardo's 0.2 hours of work as duplicative and unnecessary.

## F. Rates

 Raphael seeks compensation at an hourly rate of $320, and Bromberg at a rate of $250 per hour, given their focused expertise in consumer fraud and deceptive practices. *Id.* at ¶ 13; Bromberg's Certification at ¶ 23. Raphael certifies that he is the principal attorney at Consumer Advocacy Center in Chicago, is admitted to the state and federal bars of Illinois, and has been a practicing attorney since 1993. *See* Raphael's Certification at ¶¶ 1, 4. He specializes in consumer fraud cases, has litigated many claims under the FDCPA, and established his own Center dedicated to consumer cases of this type. *Id.* at ¶¶ 4–7. Bromberg has been practicing law since 1992, and has focused his practice in consumer rights litigation since 1999. Bromberg's Certification at ¶¶ 17–21.

Both Raphael and Bromberg submit that their rates are within the range of comparable practitioners in consumer protection practice with adjustments in accordance with increased rates from the Consumer Price Index. *Id.* at ¶ 22; Raphael's Certification at ¶ 8. Recent cases in New York City have awarded attorney's fees in FDCPA cases at rates of $200 per hour. *See Savino,* 164 F.3d at 87; *Cooper v. Sunshine Recoveries, Inc.,* 2001 WL 740765, at *10 (S.D.N.Y. Jun.27, 2001) (involving both Raphael and Bromberg); *Laster v. Cole,* 2000 WL 863463, at *2 (E.D.N.Y. Jun.23, 2000). Taking into consideration the rates prevailing in the community for similar services by attorneys, as well as the Consumer Price Index, the Court finds it appropriate to calculate the attorney's fees at $225 per hour for both Raphael and Bromberg. The paralegal's 0.2 hours of work will be awarded at the requested rate of $65 per hour.

## G. Costs

The Court finds that the costs itemized by the attorneys, including the filing fee and service fees, are appropriate. Accord-

**416**

ingly, the requested costs in the amount of $193.71 will be granted.

## IV. CONCLUSION

Based on the foregoing, Kapoor's application for attorney's fees is granted as follows:

| ATTORNEY | HOURS | RATES | TOTAL |
|---|---|---|---|
| Lance A. Raphael | 8.5 | $225 | $1,912.50 |
| Brian L. Bromberg | 20.6 | $225 | $4,635.00 |
| Paralegal | 1.6 | $ 65 | $ 104.00 |
| Costs | | | $ 193.71 |
| | | *TOTAL* | $6,845.21 |