Filed 9/22/21  Javaheripour v. Sigal CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| FAHIMEH JAVAHERIPOUR,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>GENE SIGAL,<br><br>Defendant and Respondent. | B304911<br><br>(Los Angeles County Super. Ct. No. 19SMCV01670) |

APPEAL from order and judgment of the Superior Court of Los Angeles County, Mark A. Young, Judge. Affirmed and remanded for determination of attorneys' fees on appeal.

Fahimeh Javaheripour, in pro. per., for Plaintiff and Appellant.

Mitchell Silberberg & Knupp, Stephen E. Foster and Andrew C. Spitser for Defendant and Respondent.

# INTRODUCTION

Plaintiff and appellant Fahimeh Javaheripour appeals from the trial court's order granting attorneys' fees to defendant and respondent Gene Sigal. Javaheripour contends the court erred because there was no written agreement containing a prevailing party attorneys' fees provision. Alternatively, she contends the attorneys' fees awarded were unreasonable. We reject both contentions and affirm. We also find the lease agreement between the parties entitles Sigal to an award of attorneys' fees on appeal, and remand to the trial court to calculate the amount of those fees.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Sigal leased a residential property in Malibu (the premises) owned by Javaheripour. In 2018, the parties signed a subsequent lease. Both lease agreements contained a substantially similar attorneys' fees provision, which stated in relevant part: "In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney[s'] fees and costs."

In 2019, Javaheripour filed an unlawful detainer complaint against Sigal seeking to evict him from the premises for alleged failure to pay rent. After a bench trial, the court entered judgment in favor of Sigal, finding Javaheripour breached her duty to provide Sigal with habitable premises. It also found Sigal was the prevailing party for purposes of attorneys' fees.

Sigal filed a motion for attorneys' fees seeking a total of $199,940.50 in fees and $5,131.78 in costs. Sigal supported his motion with declarations from his attorneys (Stephen Foster and Matthew Beasley) detailing the work they performed, and a declaration from their firm's Chief Marketing and Financial Officer regarding the attorneys' hourly rates. Javaheripour opposed the motion, arguing the hourly rates and the hours expended were excessive, unreasonable, and unsupported by

evidence. The trial court granted Sigal's motion. After reducing the hours spent on drafting the attorneys' fees motion and enforcing the terms of the judgment, the court awarded Sigal his reasonable attorneys' fees in the amount of $178,190.50 and the total costs sought. The trial court entered an amended judgment, which added the award of attorneys' fees and costs. Javaheripour appeals from the order granting the motion for attorneys' fees. She also appeals from the amended judgment, but only with respect to the award of attorneys' fees.

## DISCUSSION

### A.    Adequacy of the Appellate Record

We first address the contention by Sigal that Javaheripour failed to provide an adequate record on appeal. He argues Javaheripour's failure to secure a reporter's transcript of the hearing on the motion for attorneys' fees renders impossible a finding that the trial court abused its discretion. We reject this contention.

The record contains the motion for attorneys' fees, the opposition, the reply, and the trial court's written order. That is sufficient. Javaheripour makes no claim that some misconduct or error occurred during the hearing. Moreover, the court's two-page written order appears complete; it does not refer to any additional findings or rulings made at the hearing. Resolution of this appeal, therefore, does not require our consideration of what was said during the hearing. (See Cal. Rules of Court, rule 8.120(b) [a record of the oral proceedings is required only when "an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court . . . ."].)

3

**B.     The Parties' Lease Agreement Contained a Prevailing Party Attorneys' Fees Provision**

As noted above, the parties' lease agreements (admitted at trial as exhibit numbers two and five) contained prevailing party attorneys' fees provisions. Based on those provisions, the trial court concluded Sigal was entitled to reasonable attorneys' fees as the prevailing party.

Javaheripour contends, without mention of the lease agreements, that the trial court erred by awarding attorneys' fees to Sigal because "the motion for attorney[s'] fees presented no evidence that a written agreement contained an attorney[s'] fees clause, or what such an agreement provided, if at all." (Emphasis omitted.) It is unclear whether Javaheripour's appellate counsel was simply unaware of the relevant provisions in the lease agreements, or whether she is arguing that a moving party must always attach the attorneys' fees agreement (even if previously admitted as an exhibit at trial) to a motion for attorneys' fees. In any event, Javaheripour cites no authority for that proposition, and failed to raise the argument in the trial court. Therefore the argument has been forfeited. (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [arguments not raised in the trial court are forfeited on appeal].) The trial court properly determined Sigal was entitled to attorneys' fees as the prevailing party.

**C.     The Trial Court Did Not Abuse Its Discretion in Determining the Attorneys' Fee Award**

Javaheripour contends the award is excessive on the following grounds: (1) Sigal's fees incurred in connection with a prior unlawful detainer action (the First U.D. Action) were improperly awarded in this action; (2) Sigal's attorneys billed for duplicative work; and (3) the hours must have been "padded" because this was a simple case in which the trial lasted only eight hours. As explained below, none of these contentions has merit.

4

Under Civil Code section 1717, subdivision (a), "reasonable attorney[s'] fees shall be fixed by the court" in an action "where the contract specifically provides that attorney[s'] fees and costs . . . shall be awarded . . . ." Because an award of attorneys' fees under section 1717 is governed by equitable principles, "the trial court has broad authority to determine the amount of a reasonable fee. [Citations.]" (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) The trial judge "'is the best judge of the value of professional services rendered in his [or her] court, and while his [or her] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.' [Citations.]" (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49.) Thus, we review the court's determination of reasonable attorneys' fees for abuse of discretion. (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 697.)

We begin by addressing the First U.D. Action. Before filing the action underlying this appeal, Javaheripour filed the First U.D. Action against Sigal. On the morning of trial, however, Javaheripour dismissed the action after Sigal's counsel would not stipulate to reclassify the case as an unlimited civil case and continue trial. Less than two weeks later, Javaheripour filed this action, which she concedes was essentially a re-filing of the First U.D. Action.[1]

In his motion for attorneys' fees in this action, Sigal sought a total of $16,854.50 in fees incurred in connection with the First U.D. Action. Sigal's counsel declared those fees were incurred for

---

1      In her opposition to Sigal's motion for attorneys' fees, Javaheripour stated: "Defendant's counsel's hard line litigation tactic forced Plaintiff to voluntarily dismiss the first unlawful detainer action and file a second similar action roughly two weeks later. Rather than stipulate to Plaintiff's requested relief in light of Plaintiff's right to re-file the action, Defendant's counsel's [sic] forced the parties to relitigate a similar case twice and caused Defendant to incur unnecessary attorneys' fees and costs."

work he used, and did not have to re-do, in this action, related to Sigal's uninhabitability defense. Javaheripour does not argue that the fees incurred in connection with the First U.D. Action were excessive. Nor does she contest that the work performed was reasonably necessary for use in this action. Rather, she argues attorneys' fees incurred in the First U.D. Action are not recoverable because there was no prevailing party in that action. This argument misses the point. Sigal sought attorneys' fees incurred in connection with the First U.D. Action not as the prevailing party in *that* action, but as the prevailing party in *this* action. Legal fees incurred prior to the filing of an action are recoverable if, as here, the work performed was necessary and not re-performed. (See *Stokus v. Marsh* (1990) 217 Cal.App.3d 647, 655 ["Nothing in [Civil Code section 1717] precludes compensation for fees incurred prior to filing the complaint, where fees were reasonably and necessarily incurred at that time by the prevailing party."].)

Next, in support of her contention that Sigal's attorneys billed for duplicative work and "padded" the bills, Javaheripour's argument is limited to the following: "The declarations in support of the attorney[s'] fee motion indicated that two attorneys for [Sigal] had essentially performed the same work. [Citation.[2]] They claimed they spent 57.7 hours in December alone. [Citation.] [Sigal] claimed that 116.3 hours was [sic] spent between January 1 through January 8, 2020. [¶] There were no depositions taken by either party, only the single ex parte application was filed, and the trial lasted roughly a total of 8

2      Javaheripour cites to pages three through seven of the declaration of Mr. Foster, Sigal's lead counsel, in support of the attorneys' fee motion. In that portion of the declaration, Mr. Foster describes in detail the work he performed. Although he references certain tasks both he and Mr. Beasley performed (i.e., drafting the trial brief, editing witness outlines, and planning the presentation of evidence), he does not state he and Mr. Beasley performed identical work.

hours and was a nonjury trial. [Citation.]" These vague complaints do not warrant reversal under the deferential standard of review applicable here. As the trial court observed: "[Javaheripour's] litigation strategy, including unreasonably denying requests for admissions that were later found to be true by the Court, filing two lengthy trial briefs including a 123 page second trial brief that contained completely new arguments and theories, ex parte applications, and attempted site inspections, all drove the cost of this relatively straightforward matter through the roof. [Sigal's] attorney[']s need to address these issues drove the otherwise large number of hours spent preparing this matter for trial, and the Court concludes that the time spent was reasonable. [Sigal's attorney's] declaration addresses in detail the services and hours spent by counsel responding to these events and preparing the case for trial." Javaheripour does not directly contest these findings. We discern no abuse of discretion.

Finally, Javaheripour argues, without citation to evidence in the record, that the hourly rates "were far above even [those] customarily charged by attorneys handling ordinary civil litigation." We reject this contention. Sigal supported his motion in the trial court with a declaration from his attorneys' firm's chief marketing and financial officer stating the attorneys' rates were competitive. Javaheripour presented no evidence to the contrary. She also argues, under the heading "Summary of Contentions" in her opening brief, that Sigal did not meet the "burden of proof" because he did not provide a "specific itemization of services rendered[.]" Javaheripour fails, however, to support this contention with reasoned argument or any legal authority. We therefore deem this argument forfeited. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [conclusory assertion of error unaccompanied by citation to legal authority or "pertinent argument or an attempt to apply the

7

law to the circumstances of [the] case is inadequate" and may be treated as forfeited].)[3]

Accordingly, we conclude Javaheripour failed to carry her burden to show the trial court's award of $178,190.50 as attorneys' fees constituted an abuse of discretion.

## D. Sigal Is Awarded His Attorneys' Fees On Appeal

Sigal requests attorneys' fees reasonably incurred on appeal. We agree he is entitled to those fees, in an amount to be determined by the trial court. (See *Serrano v. Unruh* (1982) 32 Cal.3d 621, 637 ["[I]t is established that fees, if recoverable at all – pursuant either to statute or parties' agreement – are available for services at trial and on appeal. [Citations.]"].)

---

[3] We also note that, again under the heading "Summary of Contentions" in her opening brief, Javaheripour states: "An award of fees for denial of requests for admissions is limited to the cost of proof." Javaheripour fails to develop this argument and, in any event, the court awarded attorneys' fees to Sigal as the prevailing party pursuant to Civil Code section 1717, not as costs of proof sanctions under Code of Civil Procedure section 2033.420 [a party that denies a pretrial request for admission without a reasonable basis can be ordered to pay to the propounding party the reasonable expenses incurred—including attorney fees and costs—in proving the matter covered by the request (costs of proof).].

**DISPOSITION**

The order and judgment are affirmed. Sigal is awarded his costs and attorneys' fees on appeal. The matter is remanded to the trial court for its determination of the amount of an award of attorneys' fees on appeal to Sigal, and entry of an order awarding those fees.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

WILLHITE, Acting P.J.

COLLINS, J.