[S. F. No. 3402.   Department Two.—June 7, 1905.]

## PACIFIC DEBENTURE COMPANY, Appellant, v. WILLIAM CALDWELL, Respondent.

INJUNCTION—JUDGMENT BASED UPON ILLEGAL CONTRACT—LOTTERY—PLEADING—WANT OF EQUITY—JUDGMENT UPON DEMURRER.—A complaint for an injunction to restrain the execution of a judgment which shows on its face that the contract upon which the judgment was based was illegal and opposed to public policy, as being a contract to engage in the unlawful business of conducting a lottery, is wholly without equity; and a judgment was properly rendered upon demurrer thereto, and an appeal therefrom will be treated as frivolous.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

W. C. Cavitt, C. A. Elliott, and D. E. Alexander, for Appellant.

Louis S. Beedy, and John T. Pidwell, for Respondent.

HENSHAW, J.—This appellant having suffered judgment by default in the justice court of the city and county of San Francisco, filed its bill in equity in the superior court of that city and county, to procure an injunction restraining the enforcement of the judgment. A preliminary restraining order was obtained. Respondent demurred to plaintiff's bill, his demurrer was sustained, and an order of court was entered dissolving the preliminary injunction. From the judgment on demurrer and from this order plaintiff appeals.

Upon its appeal it presents certain technical objections as reasons why the injunction should have been granted. It urges that the justice court entered its default within the time allowed to it by law to plead. It urges that the plaintiff in the justice court had split a single demand of $521.50, and commenced, or caused to be commenced, two separate suits, one for $299 and one for $222.50, without its consent, and without remitting in either suit the excess over and

above the sum of $300, as to which the justice court had jurisdiction. (Code Civ. Proc., sec. 894.)

But this court will not enter upon the consideration of any of these matters. Plaintiff's bill is wholly without equity, for when it comes to present its defense upon the merits to the action in the justice court it makes it appear by its pleading in the superior court, and by the argument in its brief, that it was engaged in an unlawful business, that it was a "get-rich-quick" concern, conducting a lottery, that its business was opposed both to public policy and to the express mandate of the law. Upon this very subject, and as a reason why a court of equity should restrain a court of law from enforcing its judgment, appellant in its brief employs this remarkable language: "We have shown all of these facts in our complaint, and more; we have also shown that the contract out of which this demand arises is one which is contrary to public policy and under the decisions of the court, as soon as that fact appeared, the lower court should at once have set its seal of condemnation upon it; a court should not permit a judgment based upon such a contract to be enforced in any manner, nor should it allow a plaintiff who had engaged in such a contract, nor his supposed assignee, to enforce such a judgment." In other words, plaintiff, proclaiming itself a wrong-doer and a violator of the law, asks equity to restrain a creditor who has obtained a judgment in law against it, because, forsooth, its business is illegal, and therefore courts of law and of equity will refuse their aid to either party. It is not perhaps surprising that this plaintiff, under the circumstances, should be blind to the fact that itself is seeking the affirmative aid of a court of equity to protect it in the fruits of its illegal and forbidden contracts.

The superior court in equity could have done no other than it did,—refuse a hearing to the bill because of its absolute lack of equity. The judgment and order of the trial court are affirmed, with costs, and with damages against appellant in the sum of one hundred dollars for a frivolous appeal.

McFarland, J., and Lorigan, J. concurred.