[Civ. No. 15233. First Dist., Div. One. Sept. 12, 1952.]

WILLIAM HARRAH, Respondent, v. EDWARD E. CRAIG, Appellant.

Edward E. Craig, in pro. per., for Appellant.

Eugene T. Nebiolo for Respondent.

BRAY, J.—Defendant appeals from a judgment against him based upon a Nevada judgment.

## Question Presented

The effect in California of a final judgment of a Nevada court based upon the cashing of checks in a Nevada gambling house.

## Facts

On January 16, 1948, plaintiff recovered judgment against defendant for $500 and interest in the Second Judicial District Court of Nevada. This judgment was affirmed by the Nevada Supreme Court in *Craig v. Harrah,* —— Nev. —— [201 P.2d 1081]. (See, also, *Craig v. Harrah,* 65 Nev. 294 [195 P.2d 688].) Plaintiff then filed in the Justice's Court of Oakland Township, California, this action upon that judgment. Defendant answered, alleging that the Nevada action was a suit on a gambling obligation and against public policy. He also counterclaimed for money had and received by defendant in the sum of $3,250. Because this amount exceeded the jurisdiction of the justice's court the case was transferred to the superior court. At the trial, over the objection of plaintiff, testimony was taken of the circumstances of the transaction upon which the actions are based, and a transcript of the testimony in the Nevada case was admitted in evidence.

Plaintiff owns and operates Harrah's Club in Reno, Nevada, a bar and gambling house, licensed for gambling under the laws of that state. Defendant entered the club for the purpose of gambling. He had approximately $80 in cash which he lost in gambling. As a courtesy to the club's patrons its cashier cashes checks. The cashier cashed personal checks of defendant totalling $750. Defendant used this money for gambling and won the sum of $2,500, represented by chips, which the cashier exchanged for currency of a like amount. Defendant subsequently lost it all in gambling there. Defendant testified that all the money he received from the checks he cashed he spent in gambling except for some amount spent at the bar. Defendant stopped payment on $500 of the checks. These actions were brought for the recovery of that sum. In cashing

defendant's checks no requirement was made that he spend the proceeds in Harrah's Club, nor was any restriction placed on their use. Cash, and not chips or tokens, was given for the full amount of the checks. As in the Nevada trial court, the court below found that the judgment was not based on a gambling obligation and was not against the public policy of either California or Nevada, denied defendant relief upon his counterclaim, and gave judgment in favor of plaintiff.

This appeal is without merit. ■ Defendant's first contention is that the California court has the authority to look behind the Nevada judgment to determine the validity of the original cause of action, and that having determined its invalidity, it may refuse to enforce the judgment. (It should be pointed out that here the superior court did look behind the judgment but did not find it invalid.) *Fauntleroy* v. *Lum*, 210 U.S. 230 [28 S.Ct. 641, 52 L.Ed. 1039], held, in effect, under the full faith and credit clause of the United States Constitution, that where a state court has jurisdiction of the subject matter of an action and of the parties (as the Nevada court did here), its judgment, even though based upon a mistake of law, is conclusive upon a sister state. ■ This rule is stated in Restatement, Conflict of Laws, section 446, as follows: ''The Constitution of the United States requires a State of the United States to enforce a valid judgment for the payment of money . . . if it was rendered in another State of the United States, although it would have been contrary to the public policy of the forum to allow action on the original claim.'' It should be pointed out that defendant in his opening brief summarized section 445 of the Restatement as supporting his contention but failed to disclose that the section begins, ''Except as stated in § 446 . . .'' Thus section 445 is wholly inapplicable here.

■ Defendant's second contention is that the original transaction, namely, the cashing of the checks, was illegal in Nevada and would be illegal in California, whereas in the Fauntleroy case the transaction was only illegal in the state of the forum. It is true that gambling debts are unenforceable in both Nevada and California. (*West Indies* v. *First Nat. Bank of Nevada*, —— Nev. —— [214 P.2d 144] ; *Hamilton* v. *Abadjian*, 30 Cal.2d 49 [179 P.2d 804].) But the issue of illegality has already been decided adversely to defendant by the Nevada judgment and is res judicata, and, of course, under the rule of the Fauntleroy case cannot be attacked in this state. While the trial court should not have gone behind the

Nevada court's determination that the checks were not issued as part of a gambling transaction, it did find adversely to defendant upon a review of the facts. ▮ It has been held in California that the cashing of checks in a Nevada gambling house where there is no condition imposed that the proceeds must be used for gambling is not necessarily illegal. (*Hamilton* v. *Abadjian, supra,* 30 Cal.2d 49.)

Defendant has a strange conception of public policy and of the fitness of things. He asks that recovery be denied plaintiff of the amounts given for his checks because he claims they were part of a gambling transaction; yet in his counterclaim he asks the court to award him, in addition to his own money which he lost, $2,500 which he won from plaintiff and subsequently lost in gambling.

In *Pacific Debenture Co.* v. *Caldwell,* 147 Cal. 106, 107 [81 P. 314], plaintiff filed a bill in equity to enjoin enforcement of a judgment taken against it by default on the ground that the contract upon which the judgment was based was one in which the parties agreed to engage in the unlawful business of conducting a lottery and hence was against public policy. The lower court sustained a demurrer to the bill. Plaintiff appealed. The Supreme Court imposed a penalty for a frivolous appeal, stating (p. 107), ". . . plaintiff, proclaiming itself a wrong-doer and a violator of the law, asks equity to restrain a creditor who has obtained a judgment in law against it, because, forsooth, its business is illegal, and therefore courts of law and of equity will refuse their aid to either party."

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.