[Civ. No. 51811. First Dist., Div. Four. Aug. 15, 1983.]

WORLD WIDE IMPORTS, INC., Plaintiff and Respondent, v. PEGGY BARTEL et al., Defendants and Appellants.

Cartwright, Sucherman, Slobodin & Fowler, Robert E. Cartwright and Dennis Kruszynski for Defendants and Appellants.

Richard Haas, William E. Mussman III and Lasky, Haas, Cohler & Munter for Plaintiff and Respondent.

OPINION

**CALDECOTT, P. J.**—This is an appeal from an order denying motion to vacate a sister state money judgment.

The parties to the action are plaintiff World Wide Imports, Inc., a Washington corporation (hereinafter respondent), engaged in selling wholesale jewelry, and defendants Peggy Bartel and Harry Glassman, California residents (hereafter appellants), in the business of buying wholesale jewelry.

In 1977 and 1978, appellants bought jewelry on credit from respondent in Seattle, Washington. When they refused to pay the purchase price, on October 5, 1978, respondent brought an action against them in the Superior Court of King County, State of Washington, alleging that in violation of the contract, appellants failed to pay the agreed upon price of $18,286.45.

On December 28, 1978, the matter was set for trial for September 27, 1979. The same day the parties signed a "Stipulation for Agreed Setting," stating that the "case is Nonjury." In Washington, the right to jury trial is preserved only if, at the time of filing the "Stipulation for Agreed Setting," a written demand for jury is filed and a jury fee is deposited by the party (Wash. Civ. Rules for Super. Ct., rule 38(b); see also Wash. Rev. Code, § 36.18.020(5)). Appellants concede that they did not demand a jury trial or deposit the jury fee at either the time of filing the "Stipulation for Agreed

Setting" on January 3, 1979, or at the granting of two continuances on September 17, 1979, and October 5, 1979, respectively. Appellants made a belated request for a jury trial only on March 5, 1980, when they requested a third continuance.

After the matter came up for trial on May 5, 1980, the court ruled that appellants had waived their right to a jury trial by a failure to comply with rule 38(b), which requires that a written demand for a jury shall be made and jury fees posted at the time the case is first set for trial. Thereupon a court trial was held at the conclusion of which money judgment was entered against appellants in the sum of $16,956.60.

Appellants failed to move for a new trial and/or appeal the judgment in the forum state. Rather they attacked the judgment collaterally when respondent initiated an action in California in order to enforce the Washington judgment under the Uniform Sister State Money Judgments Act (Uniform Act). (Cal. Code Civ. Proc., § 1710.10 et seq.)[1] After the clerk of the San Francisco Superior Court entered a "judgment on the sister state judgment" in accordance with the Uniform Act, appellants moved to vacate the sister state judgment on the basis that the Washington judgment was unenforceable in California because it had been rendered in violation of appellants' constitutional right to a jury trial. After a hearing and legal arguments of the parties, the superior court denied appellants' motion. The present appeal followed.

Repeating their argument made in the trial court appellants contend on appeal that the Washington judgment was not entitled to full faith and credit and should have been vacated under section 1710.40, because it violated a fundamental California public policy which favors a jury trial and interprets the waiver of jury more liberally than the laws of the State of Washington.

In addressing appellants' contention, we initially point out that a sister state money judgment entered pursuant to the provisions of the Uniform Act may be vacated in California only when the statutory ground or grounds therefor have been established. Section 1710.40 provides in relevant part that "A judgment entered pursuant to this chapter may be vacated on any ground which would be a defense to an action in this state on the sister state judgment." In elaborating on the defense available under section 1710.40, the Law Revision Commission makes the following comment: "Common defenses to enforcement of a sister state judgment include the following: the

---

[1]Unless otherwise indicated, all further references will be made to the California Code of Civil Procedure.

judgment is not final and unconditional (where finality means that no further action by the court rendering the judgment is necessary to resolve the matter litigated); the judgment was obtained by extrinsic fraud; the judgment was rendered in excess of jurisdiction; the judgment is not enforceable in the state of rendition; the plaintiff is guilty of misconduct; the judgment has already been paid; suit on the judgment is barred by the statute of limitations in the state where enforcement is sought." (19A West's Ann. Codes (1982) p. 694; accord: 5 Witkin, Cal. Procedure (2d ed. 1971) Enforcement of Judgment, §§ 194-195, pp. 3549-3550; Rest.2d Conf. of Laws, §§ 103-121.)

Appellants candidly concede that none of the defenses enumerated above are available in this case and that based upon the traditional legal principles they are entitled to no relief. Appellants insist, however, *Thomas* v. *Washington Gas Light Co.* (1980) 448 U.S. 261 [65 L.Ed.2d 757, 100 S.Ct. 2647], a case recently decided by the Supreme Court, has radically changed the existing law and that case permits the denial of enforcement of a foreign judgment if the latter violates a fundamental public policy of the enforcing state. Since in the case at bench, continue appellants, the *Washington* procedure, in essence, denied their right to a jury trial and the judgment so rendered is thus violative of a fundamental California public policy favoring trials by the jury, California should not give full faith and credit to the sister state money judgment. Appellants' contention is unfounded and must be rejected for a variety of reasons.

■ To start with, the law is well established that upon a claim that a foreign judgment is not entitled to full faith and credit, the permissible scope of inquiry is limited to a determination of whether the court of forum had fundamental jurisdiction in the case. Accordingly, a judgment entered by one state must be recognized by another state if the state of rendition had jurisdiction over the parties and the subject matter and all interested parties were given reasonable notice and opportunity to be heard. (*Durfee* v. *Duke* (1963) 375 U.S. 106, 116 [11 L.Ed.2d 186, 193-194, 84 S.Ct. 242]; *Milliken* v. *Meyer* (1940) 311 U.S. 457, 462 [85 L.Ed. 278, 282-283, 61 S.Ct. 339, 132 A.L.R. 1357]; *Pacific Mut. Life Ins. Co.* v. *McConnell* (1955) 44 Cal.2d 715, 725 [285 P.2d 636]; *Thorley* v. *Superior Court* (1978) 78 Cal.App.3d 900, 907-908 [144 Cal.Rptr. 557].) ■ In the case at bench, the Washington court had indisputable jurisdiction over both subject matter, and the persons and the parties who appeared and in fact litigated the matter in the State of Washington were given not only reasonable notice, but also ample opportunity to defend the case against themselves. In short, since in the present instance the sister state court had the requisite fundamental jurisdiction in the action and the questions raised in the suit have

been fully and fairly litigated and finally decided by the foreign forum, we cannot but accord full faith and credit to the judgment at issue.

Second, contrary to appellants' argument, the California law is clear that the differing public policy or laws of the enforcing state cannot contravene the full faith and credit clause of the Constitution. ■ As has been repeatedly stated, California must, regardless of policy objections, recognize the judgment of another state as res judicata, and this is so even though the action or proceeding which resulted in the judgment could not have been brought under the law or policy of California. (*New York Higher Education Assistance Corp.* v. *Siegel* (1979) 91 Cal.App.3d 684, 688 [154 Cal.Rptr. 200]; *Harrah* v. *Craig* (1952) 113 Cal.App.2d 67 [247 P.2d 855]; 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 19, pp. 3262-3263.) This is in harmony with Restatement Second of Conflict of Laws, section 117, which sets forth that: "A valid judgment rendered in one State of the United States will be recognized and enforced in a sister State *even though the strong public policy of the latter State would have precluded recovery in its courts on the original claim.*" (Italics added.)

Third, *Thomas* v. *Washington Gas Light Co.* does not change the basic rules set out above and does not stand for the proposition that the contrary public policy of the enforcing state constitutes a bar to according full faith and credit to a foreign judgment. *Washington Gas* dealt with the narrow issue of whether the workers' compensation award granted to the injured employee by an administrative board of one state has prevented the employee from seeking a supplemental award in another state under the full faith and credit clause of the Constitution. In answering this question in the negative, the Supreme Court first reiterated the long established law that the judgment of a state court should have the same credit, validity and effect in every other court in the United States which it had in the state where it was pronounced (*Thomas* v. *Washington Gas Light Co., supra,* 448 U.S. at p. 270 [65 L.Ed.2d at p. 766]). However, due to the peculiar nature of the workers' compensation,[2] the court allowed the supplemental award in another state by emphasizing that "the critical differences between a court of

---

[2]As the court noted: "The reason for this is the special nature of a workmen's compensation remedy. It is not merely a grant of a lump-sum award at the end of an extended adversary proceeding. See 4 A. Larson § 84.20, at 16-9: '[A] highly developed compensation system does far more than that. It stays with the claimant from the moment of the accident to the time he is fully restored to normal earning capacity. This may involve supervising an ongoing rehabilitation program, perhaps changing or extending it, perhaps providing, repairing, and replacing prosthetic devices, and supplying vocational rehabilitation. Apart from rehabilitation, optimum compensation administration may require reopening of the award from time to time for change of condition or for other reasons. . . .'" (*Thomas* v. *Washington Gas Light Co., supra,* 448 U.S. at p. 282, fn. 28 [65 L.Ed.2d at p. 774].)

general jurisdiction and an administrative agency with limited statutory authority forecloses the conclusion that constitutional rules applicable to court judgments are necessarily applicable to workmen's compensation awards." (Pp. 281-282 [65 L.Ed.2d, p. 773].) In short, *Washington Gas* is confined to the unique subject of workers' compensation and deals with an award made by an administrative agency, not with a judgment rendered by a court of general jurisdiction. As a consequence, it is clearly inapplicable to the factual situation here presented.

But even aside from the aforestated reasons, there is an additional, independent ground upon which appellants' claim must be rejected.

■ It is well established that while the courts generally enforce the substantive rights created by the laws of other jurisdictions, the procedural matters are governed by the law of the forum (*Bernkrant* v. *Fowler* (1961) 55 Cal.2d 588 [12 Cal.Rptr. 266, 360 P.2d 906]; *Grant* v. *McAuliffe* (1953) 41 Cal.2d 859 [264 P.2d 944, 42 A.L.R.2d 1162]; *Roberts* v. *Home Ins. Indem. Co.* (1975) 48 Cal.App.3d 313 [121 Cal.Rptr. 862]; Rest.2d Conf. of Laws, § 122; 12 Cal.Jur.3d, Conflicts of Laws, § 105, p. 608).[3] As defined in the case law, the terms "practice" and "procedure" include the mode of procedure by which a legal right is enforced as distinguished from the substantive law which gives or declares the right. (*Bohme* v. *Southern Pac. Co.* (1970) 8 Cal.App.3d 291, 298 [87 Cal.Rptr. 286]; *Woodward* v. *Southern Pac. Co.* (1939) 35 Cal.App.2d 130, 137-138 [94 P.2d 1028]; *King* v. *Schumacher* (1939) 32 Cal.App.2d 172, 181 [89 P.2d 466].)

■ In the instant case, the gist of appellants' claim is that while both Washington and California guarantee the right to a jury trial (Cal. Const., art I, § 7; Code Civ. Proc., § 631; Wash. Const., art. I, § 21; Wash. Rev. Code Civ. Proc., § 4.44.100), the waiver of jury trial is tested by less demanding standards on appeal in Washington than in California (cf. *Tobacco* v. *Rubatino* (1950) 35 Wn.2d 398 [212 P.2d 1019]; *Hoye* v. *Century Builders, Inc.* (1958) 52 Wn.2d 830 [329 P.2d 474], with *De Castro* v.

---

[3]The rationale why the law of the forum governs all matters of pleading and conduct of proceedings in the court is well illustrated by comment a to Restatement Second of Conflict of Laws, section 122, which states as follows: "Each state has local law rules prescribing the procedure by which controversies are brought into its courts and by which the trial of these controversies is conducted. These rules for conducting lawsuits and administering the courts' processes vary from state to state. The forum has compelling reasons for applying its own rules to decide such issues even if the case has foreign contacts and even if many issues in the case will be decided by reference to the local law of another state. The forum is more concerned with how its judicial machinery functions and how its court processes are administered than is any other state. Also, in matters of judicial administration, it would often be disruptive or difficult for the forum to apply the local law rules of another state. The difficulties involved in doing so would not be repaid by a furtherance of the values that the application of another state's local law is designed to promote."

*Rowe* (1963) 223 Cal.App.2d 547 [36 Cal.Rptr. 53]; *Cowlin* v. *Pringle* (1941) 46 Cal.App.2d 472 [116 P.2d 109]). That this is clearly a procedural matter which is determined by the local rules is well illustrated by *Bohme* v. *Southern Pac. Co., supra,* 8 Cal.App.3d 291, where in an analogous situation the court stated: "The process of determining on appeal whether error was committed by the trial court during the trial of the cause, and if so, whether such error is prejudicial and therefore constitutes a ground for reversal, is a matter of practice and procedure." (Pp. 297-298.)

In summary, appellants' basic contention is that a fundamental California public policy guaranteeing the right to a jury trial has been violated. We cannot say because the State of Washington's policy on withdrawal of a waiver of jury trial is not as liberal as California's that this amounts to a violation of a fundamental public policy that would excuse compliance with the United States Constitution.

In light of our conclusion the other issues raised by the parties need not be discussed.

The judgment is affirmed.

Poché, J., and Schwartz, J.,* concurred.

A petition for a rehearing was denied August 25, 1983.

---

*Assigned by the Chairperson of the Judicial Council.