**HARRAH'S CLUB, a Nevada corporation, Plaintiff–Appellee,**

v.

**Toshi VAN BLITTER, Defendant–Appellant.**

**No. 88–15373.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 1990 *.

Decided May 17, 1990.

As Amended on Denial of Rehearing July 10, 1990.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Robert N. Black, Black & Copper, Davis, Cal., for defendant-appellant.

Anthony D. Lauria, Schuering, Zimmerman, Scully & Nolen, Sacramento, Cal., for plaintiff-appellee.

Before CHOY, THOMPSON and TROTT, Circuit Judges.

CHOY, Circuit Judge:

Toshi Van Blitter appeals the district court's denial of her motion to bar enforcement in California of a money judgment entered against her by the United States District Court of Nevada. She contends that paragraph one of the Nevada district court's order bars enforcement in California of paragraph two of the same order. We affirm.

## FACTS

This case arises from a gambling debt owed by appellant Van Blitter to appellee Harrah's club. Appellant Van Blitter executed credit instruments in the amount of $265,000 in favor of Harrah's Club. When Harrah's presented these instruments to Van Blitter's bank, they were dishonored. In April, 1985 Van Blitter filed a declaratory relief action (the "California" action) in the United States District Court for the Eastern District of California against Harrah's Club seeking to have the credit instruments declared unenforceable. Shortly thereafter, Harrah's Club brought an action in Nevada (the "Nevada" action) seeking to collect on those same credit instruments. Van Blitter's California action was transferred to the District of Nevada and in March, 1986, the two actions were consolidated for trial. The two actions remained separate in identity despite their consolidation for purposes of trial.

In an order dated July 21, 1986 the Nevada District Court addressed the question of whether California or Nevada law applied to the respective actions. In its order, the court held that California law applied to Van Blitter's action for declaratory relief, and granted Van Blitter's motion for summary judgment in the California action to the effect that "Harrah's Club, a Nevada corporation, cannot enforce in the state of California the negotiable instruments which are the subject matter of this action." The court granted summary judgment in the California action based on the fact that gambling debts are not enforceable under California law.

As to Harrah's Nevada action, however, the court concluded in the same order that Nevada law applied. In Nevada, unlike California, obligations based on gambling debts are enforceable. The court made clear in its order that the result in the California action would have no bearing on the result in the Nevada action, stating "The application of California law to Van Blitter's claim for declaratory relief will

not impact Harrah's action brought in this forum."

In October, 1986 Harrah's filed a motion for summary judgment in the Nevada action. On January 2, 1987, the court denied Harrah's motion as premature, stating that whether Van Blitter could establish any viable defenses remained an open question requiring further development of the evidence. In its order denying summary judgment, the court reiterated that the ruling in the California action, based on California law, would have no bearing on Harrah's Nevada action to collect on the instruments. In its January 2 order, the court stated:

> On July 21, 1986, the court issued an order granting Van Blitter's motion for summary judgment in favor of plaintiff on her first cause of action for declaratory relief, "with the force and effect that Harrah's club, a Nevada corporation, cannot enforce in the state of California the negotiable instruments which are the subject matter of (Harrah's) action." *That ruling does not address the enforceability in California of a Nevada judgment on the instruments or on the obligation they represent under principles of full faith and credit* (emphasis added).

In February, 1988, the court granted summary judgment to Harrah's in the Nevada action to collect on the credit instruments. On April 22, 1988, a final order of judgment, the meaning of which is at issue on this appeal, was entered in the consolidated cases. It provides, in pertinent part:

> (1) Toshi Van Blitter is given and granted judgment against Harrah's club, a corporation, with the force and effect that the negotiable instruments which are the subject matter of this action (the twenty instruments drawn upon Van Blitter's checking account number ...) are not enforceable *in the state of California* (emphasis in original).
>
> (2) Harrah's Club, a corporation, is given and granted judgment against Toshi Van

Blitter for the sum of Two Hundred Sixty Five Thousand Dollars ($265,000), together with interest thereon at the rate of twelve percent (12%) per annum from April 25, 1984 ...

In June, 1988, Harrah's Club registered paragraph two of this order in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1963.[1] Van Blitter then filed a motion for order barring enforcement of the registered judgment. Van Blitter apparently argued that the two judgments were contradictory, and that the District Court for the Eastern District of California should refuse to enforce the money judgment entered in Harrah's favor in the Nevada action.

The court below rejected Van Blitter's argument and denied her motion to bar enforcement of the judgment. The court explained that the judgment in the California action for declaratory relief simply meant that Harrah's Club could not maintain an original action to enforce the debt in California. However, that judgment had no bearing on the enforceability in California, pursuant to 28 U.S.C. § 1963, of the Nevada judgment in favor of Harrah's. Van Blitter appeals the district court's denial of her motion to bar enforcement.

## ANALYSIS

■ Van Blitter argues that paragraph one of the April 22 order operates to bar enforcement in California of paragraph two of the same order. She contends that the statement in paragraph one that "the negotiable instruments ... are not enforceable *in the state of California* " means that Harrah's cannot enforce its Nevada judgment against Van Blitter in the state of California. This argument is wholly without merit.

Van Blitter asks this court to interpret the April order in direct contradiction to the expressed intent of the court issuing the order and in a manner which would

---

1. 28 U.S.C. § 1963 provides: "A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district where registered and may be enforced in like manner."

violate the principle of full faith and credit. The meaning of paragraph one of the April order is clear: that the credit instruments could not be sued upon in an action brought directly in the state of California, since it is against the public policy of that state to enforce credit instruments based on an underlying gambling debt. However, as the district court expressly stated in its January 2 order, any claim of violation of California public policy had no bearing on Harrah's action filed in the state of Nevada to enforce the credit instruments, nor on the enforceability in California of a Nevada judgment on the credit instruments.

Not only does Van Blitter's interpretation of the judgment contradict the expressed intent of the court, but it also contravenes the longstanding principle of full faith and credit. It has long been established that a final judgment rendered under the laws of one state must be enforced by a sister state under the Full Faith and Credit Clause,[2] even though the underlying action may be against the public policy of the state in which enforcement is sought. *Fauntleroy v. Lum*, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908); *Morris v. Jones*, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947); *Harrah v. Craig*, 113 Cal.App.2d 67, 247 P.2d 855 (1952) (upholding enforcement of Nevada judgment in California, despite the fact that its underlying basis was a gambling debt which violated California public policy). Although the Full Faith and Credit Clause does not apply to successive actions in federal courts, *Baldwin v. Iowa State Traveling Men's Association*, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931), the underlying principle of that clause does apply through the doctrine of res judicata. *Id.* at 524, 51 S.Ct. at 517; *Americana Fabrics, Inc. v. L. & L. Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985); Degnan, "Federalized Res Judicata," 85 *Yale L.J.* 741, 756 (1976).

## SANCTIONS

■ This court has discretion to award double costs and attorney's fees as a penalty for bringing a frivolous appeal. Fed.R.

App.P. 38. A frivolous appeal is defined as one in which the result is obvious, or where the appellants' claims are utterly meritless. *Int. Un. of Bricklayers etc. v. Martin Jaska, Inc.*, 752 F.2d 1401, 1406 (9th Cir.1985).

The appellant's claim in this case is utterly meritless. The district court made clear that the judgment in Van Blitter's declaratory relief action had no bearing on the enforceability in California of a Nevada judgment on the credit instruments. Indeed, the court's order of January 2, 1987 expressly states that its order in the declaratory relief action "does not address the enforceability in California of a Nevada judgment on the instruments or on the obligation they represent, under principles of full faith and credit."

The result of this appeal is and has been obvious, and the argument raised by Van Blitter is wholly meritless. Appellee is entitled to reasonable attorney's fees and double costs on this appeal.

AFFIRMED.

**2.** Article 4, § 1 of the Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."