29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BROWN BAG SOFTWARE, Plaintiff-Appellant,
v.
SYMANTEC CORP.; John L. Friend, Defendants-Appellees.
 No. 92-17119.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 16, 1994.
Decided June 28, 1994.
 
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brown Bag Software appeals the district court's grant of summary judgment on its claim for false designation of origin under Sec. 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a). We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * On remand from this court for clarification of its earlier summary judgment ruling, the district court stated that "[i]t was my intention to grant summary judgment with respect to all the federal claims including the ... claim for false designation of origin...." It then entered judgment on that claim nunc pro tunc.
 
 
 4
 Even though Brown Bag argues that it didn't realize summary judgment was being sought on its Lanham Act claim, Symantec's notice of motion indicates that it sought judgment on all claims; moreover, the grounds offered in support include the absence of evidence that Symantec falsely promoted GrandView as being an upgrade, derivative, or improvement upon PC-Outline, tracking exactly Brown Bag's fourth claim for relief. Brown Bag attempts to avoid this ruling by arguing that the overall "look and feel" of its software program is protectible trade dress under Sec. 43(a). This argument fails because the issue was raised after the record on summary judgment was closed, Brown Bag's opposition to summary judgment contains neither argument nor evidence pertaining to its claim for false designation of origin, and even if a trade dress theory had been timely raised, there is no evidence raising a triable issue of fact on distinctiveness and secondary meaning--which are indispensable elements. Once the moving party demonstrates "that there is an absence of evidence to support the nonmoving party's case," the nonmoving party must "come forward with all of her evidence" to avoid summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 325-26 (1986). Based on the evidence the district court had before it, the grant of judgment nunc pro tunc in favor of Symantec and Friend was proper.
 
 II
 
 5
 Symantec asks for attorney's fees and double costs on the ground that Brown Bag's appeal is frivolous. See Fed.R.App.P. 38. "A frivolous appeal is defined as one in which the result is obvious, or where the appellants' claims are utterly meritless." Harrah's Club v. Van Blitter, 902 F.2d 774, 777 (9th Cir.1990). Brown Bag's appeal is not wholly without merit as this court did remand for clarification on the Lanham Act claim and whether Brown Bag waived its trade dress infringement theory raises a colorable issue that is not entirely obvious.
 
 
 6
 Brown Bag also asks that all briefs submitted by Fenwick & West be stricken, the present appeal be decided in Brown Bag's favor, and that we reconsider our earlier decision in Brown Bag Software v. Symantec Corp., 960 F.2d 1465 (9th Cir.), cert. denied, 113 S.Ct. 198 (1992), on the ground that the firm's continued representation of Symantec poses a conflict of interest because Brown Bag's former counsel joined Fenwick while an appeal in this action was pending. Brown Bag does not want Fenwick disqualified; the relief that it seeks--striking all Fenwick briefs and deciding the appeal in Brown Bag's favor--is unprecedented and unwarranted on the record.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3