Carolyn ARNO, Plaintiff–Appellant,

v.

CLUB MED BOUTIQUE INC.; Club Med Inc.; Club Med Sales Inc.; Club Mediterranee S.A.; Club Med Management Services Inc., Defendants–Appellees.

No. 96–16435.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1997.

Decided Jan. 29, 1998.

See also: 22 F.3d 1464.

James C. Sturdevant, Kim E. Card, The Sturdevant Law Firm, San Francisco, CA, Barbara A. Lawless, Therese M. Lawless, Lawless, Horowitz & Lawless, San Francisco, CA, for Plaintiff–Appellant.

Bettina B. Plevan, Proskauer, Rose, Goetz & Mendelsohn, New York, NY, Robert B. Mison, Steefel, Levitt & Weiss, San Francisco, CA, for Defendants–Appellees.

Before: SCHROEDER, BEEZER and BRUNETTI, Circuit Judges.

SCHROEDER, Circuit Judge:

This appeal raises an unusual conflict of law issue. Appellant Carolyn Arno's supervisor sexually assaulted her while she was working at a Club Med resort in Guadeloupe, which is governed by French law. In Arno's first appeal, we decided that French law, as

the law of the place where the tort occurred, rather than the law of California, the forum state and residence of the plaintiff, governed the substance of her tort action. *Arno v. Club Med, Inc.*, 22 F.3d 1464, 1468 (9th Cir. 1994). The parties subsequently settled the substantive issues of the case, reserving the question of fees. The issue before us is whether California or French law applies to the fee issue. Applying California's substantive choice of law analysis, the district court determined that California law governed because neither jurisdiction had an interest in applying its law, and therefore the law of the forum applied. It denied Arno's application for fees. We affirm on somewhat different grounds.

■ It is undisputed that the law of California and the law of France differ as to the availability of attorneys' fees. California applies the "American Rule," under which each party must bear its own fee expenses. France grants a trial judge discretion to shift the burden of attorneys' fees, in full or in part, to the losing party. N.C.P.C., Article 700. We, as federal courts sitting in diversity, must look to the law of the forum state in making a choice of law determination. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

■ A substantive choice of law analysis is required, however, only if the availability of attorneys' fees is considered to be a substantive rather than a procedural issue under California law. *Grant v. McAuliffe*, 41 Cal.2d 859, 264 P.2d 944, 946 (1953); *World Wide Imports, Inc. v. Bartel*, 145 Cal.App.3d 1006, 193 Cal.Rptr. 830, 833 (1983); Restatement (Second) Conflict of Laws § 122 cmt. a (1971). We have articulated two reasons underlying this rule. "First, it would be a burden on the forum state's court to apply another forum's rules of judicial administration. Second, parties are unlikely to have relied on the rules of judicial administration in shaping their conduct." *Equitable Life Assurance Soc'y v. McKay*, 861 F.2d 221, 222 (9th Cir.1988).

We entertain some doubt as to whether the Supreme Court of California would treat the issue of fees as substantive. The only cases cited are isolated Court of Appeal decisions that are not directly on point. *See, e.g., Robert McMullan & Son, Inc. v. United States Fidelity & Guar. Co.*, 103 Cal.App.3d 198, 162 Cal.Rptr. 720 (1980) (conducting substantive choice of law analysis on fees issue without discussing whether it was substantive or procedural); *Beech Aircraft Corp. v. Superior Court*, 61 Cal.App.3d 501, 132 Cal.Rptr. 541, 550 (1976) (calling for independent choice of law inquiry on "each issue" but in a case that presented no fee issue).

Moreover, several California decisions in related contexts have suggested that the availability of attorneys' fees is a procedural issue. For example, one court has held that municipal courts in California have the power to award fees in an amount greater than the jurisdictional limit for municipal court awards. *Stokus v. Marsh*, 217 Cal.App.3d 647, 266 Cal.Rptr. 90, 92 (1990). It reasoned that a claim for attorneys' fees is not akin to a substantive claim that cannot exceed the maximum monetary amount over which the municipal court has jurisdiction. Rather, a fee award is merely incidental to the administration of justice, and is not limited by the jurisdictional cap on municipal court judgments. *Id.*

California courts have also characterized attorneys' fees as procedural for the purposes of retroactivity. Applying a vested rights analysis, the California Court of Appeal has held that fee statutes can be applied retroactively because they are inherently procedural in nature. *Parker v. City of Los Angeles*, 44 Cal.App.3d 556, 118 Cal.Rptr. 687, 694 n. 4 (1974); *Olson v. Hickman*, 25 Cal.App.3d 920, 102 Cal.Rptr. 248, 249 (1972); *see also In re Estate of Johnston*, 47 Cal.2d 265, 303 P.2d 1, 6 (1956) (probate fees procedural for retroactivity purposes). However, this result has apparently not been followed uniformly in the probate context. *See Estate of Hilton*, 44 Cal.App.4th 890, 52 Cal.Rptr.2d 491, 503 (1996) (refusing to decide whether fees were substantive or procedural).

We need not decide whether the issue of attorneys' fees is substantive or procedural under California law. Under either analysis the California rule on attorneys' fees would apply. If the issue of attorneys' fees is pro-

cedural, then the California rule would apply as the law of the forum. *See World Wide Imports, Inc. v. Bartel,* 145 Cal.App.3d 1006, 193 Cal.Rptr. 830, 833 (1983). If the issue is substantive, then the California courts would apply the interest analysis articulated in *Reich v. Purcell,* 67 Cal.2d 551, 63 Cal.Rptr. 31, 33, 432 P.2d 727, 729 (1967), to determine whether the French or the California rule would apply. Such an analysis yields the conclusion that the California rule on attorneys' fees would apply.

■ Appellant is a California resident who is engaged in litigation in California. That state regulates the relationship between the plaintiff and her attorney. We conclude California has an interest in the manner in which Arno's attorney is compensated.

In Arno's prior appeal, we held that French law governed the tort claim because the tortious activity occurred in territory governed by French law. However, France would appear to have no interest in the application of its law to the fee arrangements between Arno and her attorney in California. The evidence in the record concerning the purpose of Article 700 of the French Code indicates that it was enacted to alleviate inequities in the then existing French scheme of attorney compensation. That system disapproved of contingent fees but made no provision for prevailing parties to recover fees from losing parties. Moreover, Article 700 was not enacted as a component of France's tort compensation system, but as a general device to compensate prevailing parties in civil actions.

There is no support for Arno's position that the law governing liability for the tort automatically controls the fee issue. She relies on *Cutler v. Bank of America National Trust & Savings Ass'n,* 441 F.Supp. 863, 865 (N.D.Cal.1977), which applied English rather than California law to award fees in a case where English law governed liability for the tort.[1] Judge Renfrew's opinion in that case,

however, applied California's interest analysis to determine that English interests predominated because the English Rule of fee-shifting has been characterized as integrally related to England's law of tort compensation. English judges recognized that fee-shifting is necessitated by the unavailability of punitive damages and the comparatively low level of compensatory damages awarded in England. *Id.*

Commentators do not see Article 700 in the same light. Rather, the authorities upon which the parties rely characterize Article 700 as an administrative provision that mitigates the inequities of the French system of attorney fee arrangements. *See* Andrew West et al., *The French Legal System: An Introduction* 123 (1992). The interests that required application of French law to the substance of the claim are therefore not implicated by the choice of law applicable to attorneys' fees. Because California has a strong interest in the application of its laws, and France has no such interest, the California rule on attorneys' fees would apply. *See Hurtado v. Superior Court,* 11 Cal.3d 574, 114 Cal.Rptr. 106, 522 P.2d 666, 671 (1974).

Thus, whether California would classify a claim for attorneys' fees as procedural or substantive, California law applies to this claim. Accordingly, the district court was correct in applying the American Rule and denying Arno's request for fees.

AFFIRMED.

---

**1.** Arno also cites *DeRoburt v. Gannett Co.,* 558 F.Supp. 1223 (D.Haw.1983), for the proposition that the underlying tort law determines the law applicable to the issue of attorneys' fees. In that case the district court applied an independent choice of law analysis to the issue, noting only that the determination was "guided by" the underlying substantive law. *Id.* at 1226. Neither *DeRoburt* nor *Cutler* addresses the issue of whether attorneys' fees are procedural or substantive under the applicable state law. *See* 558 F.Supp. at 1226, 441 F.Supp. at 865.