LEGACY PARTNERS, INC, a California corporation; C. Preston Butcher, Plaintiffs—Appellees,

v.

TRAVELERS INDEMNITY COMPANY OF ILLINOIS, an Illinois corporation, Defendant—Appellant,

and

Travelers Insurance Company, a Connecticut corporation; Travelers Property Casualty Corporation, a Delaware corporation, Defendants.

LEGACY PARTNERS, INC, a California corporation; C. Preston Butcher, Plaintiffs—Appellants,

v.

Travelers Indemnity Company of Illinois, an Illinois corporation, Defendant—Appellee.

Nos. 02–15900, 02–15978.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Dec. 9, 2003.

Jonathan C.S. Cox, Cox, Padmore, Skolnik & Shakarchy, Menlo Park, CA, Harvey R. Friedman, Esq., Greenberg, Glusker, Fields, Claman & Machtinger, Los Angeles, CA, Philip Borowsky, Law Offices of Philip Borowsky, San Francisco, CA, for Plaintiffs–Appellees.

William C. Morison–Knox, Esq., Thomas Holden, Esq., Morison–Knox, Holden, Melendez & Prough LLP, Walnut Creek, CA, for Defendant–Appellant.

Before O'SCANNLAIN, TASHIMA, Circuit Judges, and MATZ, District Judge.*

## ORDER

The Memorandum disposition filed October 23, 2003, 79 Fed.Appx. 295, is withdrawn and is replaced by the Amended Memorandum filed concurrently with this Order. The petition for rehearing of Legacy Partners, Inc., and C. Preston Butcher is granted to the extent reflected in the Amended Memorandum. The petitions for panel rehearing are otherwise DENIED.

## AMENDED MEMORANDUM **

Defendant Travelers Indemnity Company of Illinois ("Travelers") appeals from the judgment following a bench trial in an insurance coverage dispute between it and plaintiffs C. Preston Butcher ("Butcher") and Legacy Partners, Inc ("LPI"). Butcher and the plaintiff in the underlying action, Mack Pogue, were in the process of dividing their real-estate holdings when Pogue brought suit against Butcher for making defamatory statements against him and his company, Lincoln Property Company ("Lincoln"). Butcher tendered the defense of the underlying action to Travelers. Travelers refused to defend on the ground that, while LPI was a Named Insured under the policy, LPI was not a named defendant in the complaint. Travelers appeals the district court's ruling on summary judgment that it breached the duty to defend. Travelers also appeals the

---

\* The Honorable A. Howard Matz, United States District Judge for the Central District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

district court's calculation of attorney fees following the bench trial. Butcher cross-appeals the court's denial of indemnification for the voluntary settlement reached between him and Pogue, and the district court's refusal to grant pre-tender attorney fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm on all grounds.

## ANALYSIS

### I.   Appeal by Travelers

#### A.   Dismissal of LPI

■   Travelers contends that LPI should have been dismissed from this case because LPI was not a named defendant in the underlying complaint. We disagree. The Travelers policy broadly covers any and all LPI "subsidiaries (including subsidiaries thereof), partnerships (limited or general), joint ventures, associations, corporations, trusts, joint tenancies, tenancies in common or other entities or commercial enterprises." Travelers issued an insurance policy to Lincoln which named Lincoln as the first Named Insured and which contained a list of additional Named Insureds including LPI and Mack Pogue. Endorsements to the policy state that Travelers must defend not only LPI but also any "commercial enterprises" in which LPI or Lincoln has a "proprietary or managerial interest" in conjunction with any one or more Regional Partners. The policy lists Butcher as a Regional Partner.

LPI is the primary holding company for Butcher's west coast ventures, which include, among other named defendants, "Legacy Partners Commercial," "Lincoln Partners Agency," "Legacy Partners Resi-dential," and "Legacy Partners Management." Although the Travelers policy does not insure Butcher in his individual capacity (as opposed to his capacity as a "Regional Partner" of Pogue or Lincoln), it does insure "commercial enterprises" in which LPI has "a proprietary or managerial interest." We conclude that LPI properly was a plaintiff in the underlying action against Travelers because of its intertwined relationships with Butcher and the other entities that were sued by Pogue.

#### B.   Breach of the Duty to Defend

■   Travelers also argues that because Pogue's complaint never mentioned LPI, Texas' restrictive "eight-corners" rule permitted it to deny a defense because an insurer could not reasonably recognize the potential for coverage based on the allegations in the underlying complaint or the terms of the policy.[1] In Texas, if the allegations state a claim that is potentially within the coverage of the policy, then the insurer has a duty to defend. *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 25 (Tex.1965). The courts will liberally interpret the meaning of the factual allegations in the insured's favor. *Id.* In order to determine whether factual allegations are covered by a policy, however, the allegations must be at least specific enough to "create that degree of doubt which compels resolution of the issue for the insured." *Nat'l Union Fire Ins. Co. v. Merch. Fast Motor Lines*, 939 S.W.2d 139, 142 (Tex.1997). Although the court will not imagine factual scenarios that might trigger coverage or read facts into the pleadings, if a petition alleges facts within the scope of coverage, an insurer is legally required to defend the suit against its insured. *Id.* at 141.

---

1.   We agree that Texas law applies to the duty to defend issue. The parties negotiated and executed the policy in Texas, Pogue filed and litigated the underlying lawsuit in Texas, and Travelers would have performed the contract in Texas. None of the relevant contacts clearly favored the application of California law. *See Abogados v. AT & T, Inc.*, 223 F.3d 932, 934 (9th Cir.2000).

In this case, the underlying complaint alleged that "Butcher ha[d] made false and disparaging statements to members of the media regarding the [Pogues]." Comparing the complaint and the insurance policy, we conclude, as did the district court, that Travelers erred in not defending Butcher and LPI. We agree that the complaint includes allegations that, when interpreted broadly and in favor of coverage, indicate that Pogue sought damages for disparaging remarks made by Butcher in his capacity as LPI's officer or director. Travelers' argument that it did not owe a defense since the complaint did not mention LPI by name is untenable given (1) the complaint named numerous ventures affiliated with LPI, and (2) the complaint made the specific allegation that Butcher made "statements to members of the media"— remarks that he made while announcing plans for LPI as LPI's "CEO." This factual allegation concerning "statements to members of the media," though not referencing the *San Francisco Business Times* article by name, is "at least specific enough to 'create that degree of doubt which compels resolution of the issue for the insured.'" *Devoe v. Great Am. Ins.*, 50 S.W.3d 567, 570 (Tex.Ct.App.2001) (quoting *Nat'l Union*, 939 S.W.2d at 142). Under Texas law, "any doubts ... [must be settled] in favor of the insured." *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 666 (Tex.1987).

### C. Fee Award for All Retained Counsel

■ Travelers next contends that the district court abused its discretion in awarding Butcher his fees associated with the use of five separate law firms to defend himself against Pogue's multi-million dollar lawsuit. Travelers sets forth only the bald allegation that Butcher employed an unreasonable number of law firms. In a lawsuit threatening millions in damages, the use of five law firms is not per se unreasonable. Absent more than its own belief that the court erred in not deciding the issue differently, Travelers fails to establish that the district court abused its discretion in awarding Butcher his defense costs.[2]

### D. Choice of Law and Attorneys' Fees for This Case

■ Relying on *Arno v. Club Med Boutique Inc.*, 134 F.3d 1424 (9th Cir.1998), Travelers contends that California rather than Texas law should govern the recoupment of attorneys' fees. We disagree. *Arno* concerned a claim filed in a California court based on a tort that occurred in French territory. We held that California law governed attorneys' fees because the French rule making fees discretionary "was not enacted as a component of France's tort compensation system, but as a general device to compensate prevailing parties in civil actions." *Id.* at 1426. In contrast, the provision at issue here is both mandatory and specific to Texas insurance law. *See Grapevine Excavation, Inc. v. Maryland Lloyds*, 35 S.W.3d 1, 1–5 (Tex. 2000). In such cases, California courts consider damages to be substantive and not procedural. *Cf. Robert McMullan &*

---

**2.** Travelers also claims that the fee award is unreasonable because: (1) the law firms conducted duplicative work; (2) the Shultz, Wright law firm focused on the settlement agreement rather than Butcher's defense; and (3) Jonathan Cox spent most of his time coordinating the five law firms. Even if the law firms spent some of their time coordinating among themselves, such time qualifies as time spent defending Butcher in what by all accounts was a large case with potentially massive damages. The district court did not abuse its discretion on these issues.

*Son. Inc. v. United States Fid. & Guar. Co.,* 103 Cal.App.3d 198, 162 Cal.Rptr. 720 (1980). The court properly applied Texas law.

### E. Failure to Allocate Attorneys' Fees

■ Travelers also contends that the district court erred in not allocating the attorneys' fees between successful and unsuccessful claims in this case. Under Texas law, a party generally can only recover attorneys' fees for successful claims, and must segregate them from fees related to unsuccessful claims. *See Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10–12 (Tex.1991). However, a "recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof of essentially the same facts." *Id.* at 11 (internal quotation marks omitted). Butcher was unsuccessful in two of his three claims, but each claim, whether sounding in contract or tort, was interrelated with the others and arose out of the same transaction. *See, e.g., Gill Sav. Ass'n v. Chair King,* 783 S.W.2d 674, 680 (Tex.App.1989) ("[A]n award of attorney's fees is permissible since there was a claim for and a finding of breach of contract, and the tort complained of arose out of that breach."), *cited favorably by Stewart Title,* 822 S.W.2d at 11–12. Therefore, the district court did not err on this issue, and we adopt its reasoning.

### F. Eighteen Percent Statutory Penalty

■ Pursuant to Article 21.55 of the Texas Insurance Code, the district court awarded Butcher 18 percent interest on his underlying defense costs. Travelers argues that the district court erred in applying Texas law because prejudgment interest is a procedural rather than substantive issue.

The recent decision in *Lund v. San Joaquin Valley R.R.,* 31 Cal.4th 1, 71 P.3d 770, 778 (Cal.2003), indicates that prejudgment interest provisions are substantive if they constitute part of "the proper measure of damages" and are "inseparably connected with the right of action." The statutory penalty imposed in Article 21.55 satisfies these requirements. First, the purpose of the statutory penalty is to ensure that parties pay their damage judgments for breach of the insurance contract. This penalty is therefore intended to make the insured whole. Second, recovery of the judgment is too important to constitute a mere "local rule of procedure." *Monessen Southwestern Ry. Co. v. Morgan,* 486 U.S. 330, 336, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988). Third, several Texas courts have held that Article 21.55 is an element of damages for breach of the insurance policy. *See, e.g., Lusk v. Puryear,* 896 S.W.2d 377, 380 (Tex.Ct.App.1995). Fourth, the statute speaks for itself. Section 6 of Article 21.55 is entitled "Damages," and states that the insurer "shall be liable to pay ... in addition to the amount of the claim, 18 percent per annum of such claim *as damages,* together with reasonable attorney fees." Tex. Ins.Code art. 21.55, § 6 (italics added). This 18 percent penalty is triple Texas' ordinary 6 percent rate for prejudgment interest. The district court did not err in applying Article 21.55.

Next, Travelers argues that Article 21.55 does not apply to this case because Butcher did not submit a "first party claim." The Texas Supreme Court, however, has recently held that Article 21.55 applied to an additional insured's claim for coverage brought against the insurer. *Atofina Petrochem., Inc. v. Evanston Ins. Co.,* 104 S.W.3d 247, 252 (Tex.2003). We

therefore affirm the district court's application of Article 21.55 to third-party claims.

## II. Cross Appeal by LPI and Butcher

### A. Recoupment of Pre–Notice Legal Fees

■ Butcher argues that, contrary to the district court's holding, he is entitled to recover legal fees incurred prior to his tendering the claim to Travelers. Butcher acknowledges that the claim contradicts the plain language of the insurance contract, which provides that "[n]o insured will, except at the insured's own cost, *voluntarily make any payment*, assume any obligation, or incur any expense, other than for first aid, *without [Travelers'] consent*," but argues that so long as the failure to notify did not cause Travelers actual prejudice, he can recover under the policy pursuant to Texas' "notice-prejudice" rule. *See Harwell v. State Farm Mut. Auto. Ins.*, 896 S.W.2d 170, 174 (Tex.1995). We disagree. Texas intermediate and Fifth Circuit decisions hold that an insured is not entitled to pre-notice legal fees where the contract precludes recovery. *See, e.g., E & L Chipping Co. v. Hanover Ins. Co.*, 962 S.W.2d 272, 278 (Tex.Ct.App.1998). Most telling is *Lafarge Corp. v. Hartford Casualty Insurance Co.*, 61 F.3d 389 (5th Cir.1995), *reversed in part on other grounds, Grapevine Excavation. Inc. v. Maryland Lloyds*, 35 S.W.3d 1 (Tex.2000), in which the Fifth Circuit stated:

> [The insurer] should not be liable for any defense costs incurred prior to the date Lafarge tendered the amended petition because the 'voluntary payment' provision of the policy precludes liability for such pre-tender defense costs.... [U]nder Texas law, the duty to defend does not arise until a petition alleging a potentially covered claim is tendered to the insurer. The cases on which the

district court relied to support its determination that pre-tender costs were recoverable are inapposite. The terms of the policy are unambiguous and therefore must be enforced as written.

*Id.* at 399–400 (citations omitted). Notably, in upholding the contract provision, the *Lafarge* court rejected the insured's attempt to invoke the "notice-prejudice" rule. The court stated that "prejudice is only a factor when the insurer is seeking to avoid all coverage for failure to comply with the notice provisions of the policy." *Id.* at 399 n. 19. We follow this well-established Texas authority and affirm the district court.

### B. Duty to Indemnify

■ Butcher appeals the district court's finding that the "no-voluntary payments" provision relieved Travelers of any duty to indemnify Butcher for the voluntary settlement between him and Pogue. With a few limited exceptions, California courts uphold contract provisions that permit the insured to decline indemnification for any settlements made without the insurer's consent. *Jamestown Builders. Inc. v. Gen. Star Indem. Co.*, 77 Cal.App.4th 341, 91 Cal.Rptr.2d 514, 516–17 (Ct.App.1999). Butcher attempts to overcome the general rule by contending that: (1) the notice-prejudice rule bars reliance on the voluntary payments clause; (2) economic necessity made the settlement nonvoluntary; and, (3) there was sufficient evidence to show that Travelers' failure to defend caused Butcher to pay an excess amount to settle the case, including settlement of the covered claim of defamation. These contentions fail.

First, the notice-prejudice rule does not apply here. Because the policy language expressly requires notifying the insurer before obtaining indemnification, the controlling rule is found in *Jamestown Build-*

*ers,* 91 Cal.Rptr.2d at 516–17. In that case, the court considered the effect of a no-voluntary-payments provision. The court held that although an insured may ignore the provision once the insurer actually denies the tender, the insurer is not obligated to indemnify its insured for a voluntary settlement reached with a third-party claimant if the settlement is reached prior to denial and without consent. Second, as with Butcher's argument for pre-tender fees, we reject Butcher's attempt to restructure the terms of the contract and obtain more than he bargained for by arguing that economic necessity excused his delay in seeking indemnification. A sophisticated party like Butcher easily could have timely notified Travelers. Third, although Butcher contends he raised a triable issue of fact regarding the proper apportioning of the settlement, thereby requiring the district court to deny Travelers' summary judgment motion, Butcher bore the burden of proof at any trial, requiring him to set forth a prima facie case establishing the connection between the settlement and the defamation claim. *See Travelers Cas. & Sur. Co. v. Superior Court,* 63 Cal.App.4th 1440, 75 Cal.Rptr.2d 54, 64 (Ct.App.1998). This, he failed to do. It is insufficient that Pogue dropped the defamation claim after reaching an agreement with Butcher that made no mention of the defamation claim. Butcher's comment that he "overpaid" for the assets because of the outstanding defamation claim is not enough to apportion the alleged settlement.

## C. Breach of the Implied Duty of Good Faith Dealing

■ Butcher contends that he produced sufficient evidence to create a triable issue that Travelers acted in bad faith. "[T]he reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact." *Amadeo v. Principal Mut. Life Ins.*

*Co.,* 290 F.3d 1152, 1161 (9th Cir.2002) (quoting *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.,* 90 Cal.App.4th 335, 108 Cal.Rptr.2d 776, 784 (Ct.App.2001)). In *Amadeo,* however, the court stated that "[t]he genuine issue rule ... allows a district court to grant summary judgment when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable—for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law." *Id.* at 1161. Butcher provides no credible evidence that Travelers acted unreasonably in denying coverage. Butcher instead relies on the general rule that the reasonableness of the insurer's conduct is a question of fact reserved for the jury. While this is usually the case, it is also true that the "genuine issue rule" permits the grant of summary judgment where it is clear that the insurer did not act unreasonably. We affirm the court's finding that this case falls under the genuine issue rule.

## D. Attorneys' Fees for Prosecution of This Appeal

■ Pursuant to Article 21.55 § 6 of the Texas Insurance Code, Butcher, as the prevailing party on his duty to defend claim, is entitled to an award of reasonable attorneys' fees. The district court declined to estimate the fees for prosecution of this appeal (which, apparently, is the procedure followed in the Texas courts), but they can now be fixed by this court pursuant to our own procedures.

We therefore award reasonable attorneys' fees on this appeal to Butcher as the prevailing party on his duty to defend claim and refer determination of the appropriate amount of such fees to the Appellate Commissioner, pursuant to Ninth Circuit Rule 39–1.9. Pursuant to said rule,

Butcher shall file a timely request for such fees making a detailed showing of the amount sought.

## CONCLUSION

For the foregoing reasons, we affirm the district court on all grounds, except with respect to the award of attorneys' fees for this appeal. Each party shall bear its own costs on appeal.

AFFIRMED.